I. B. Wilson v. Ella Moore et al.

Decided November 6, 1909.

**1.—Landlord and Tenant—Failure to Pay Rent—Eviction.**

In a suit by a tenant against his landlord for damages for eviction from the leased premises, where the jury found from the evidence that the contract of lease was from month to month and that the contract had been terminated by the landlord because of the failure of the tenant to pay the rent, the tenant

was not entitled to possession of the premises nor to damages for eviction there-from.

**2.—Same—Damages.**

When the value of the use of rented premises does not exceed the amount of rent owing by the tenant at the time of eviction, the tenant is not entitled to recover damages for eviction.

**3.—Same—Valid Writ—Protection of Officer.**

When a writ of restitution is valid on its face and issued out of a court of competent jurisdiction, it is sufficient to protect the officer executing the same even though the judgment on which it issued be void.

**4.—Same—Refusal of Tenant to Vacate Premises.**

When a tenant refuses to remove his personal property from the leased premises when requested to do so by the officer executing a writ of restitution, but voluntarily left it therein, neither the landlord nor the officer is liable in damages as for conversion of said property because the officer locked up the same in the house after eviction of the tenant, there being no evidence that either of said parties assumed any ownership over the said property.

Appeal from the District Court of Johnson County. Tried below before Hon. O. L. Lockett.

*Geo. D. Green,* for appellant.—The court erred in refusing to instruct the jury to return a verdict for the plaintiff against the defendants Ella Moore and W. W. Barr as principals and against the remaining defendants as sureties of Barr, as will more fully appear from special charge No. 3 asked by the plaintiff and refused by the court.

This being a suit for the wrongful conversion of personal property, the defendants could not retain said property in their possession for the space of four months and justify their taking by delivering said property to a third person at the end of that time who claimed to be a creditor of Wilson. Stockbridge v. Crockett, 38 S. W., 401.

*A. S. Bledsoe, H. P. Brown* and *Ramsey & Odell,* for appellee, Ella Moore.—This being a suit by a tenant against his landlord for wrongful eviction from the premises, and the undisputed testimony showing that the value of the use of the rented premises did not exceed the amount of the rent said tenant under his alleged contract agreed to pay for the use of said premises, said tenant would not be entitled to recover any damages for such eviction except possibly nominal damages, and no such damages being claimed in this case, plaintiff below, an alleged tenant, was not entitled to recover anything by reason of his eviction from said premises, he having failed to show under the evidence that he was damaged by reason of such eviction. Randall v. Rosenthal, 31 S. W., 822; Buck v. Morrow, 21 S. W., 398.

The evidence in this case not only failing to show that any of the defendants wrongfully converted or took possession of the personal property as alleged in plaintiff's petition, and not only failing to show that any of the defendants illegally assumed ownership over said property, but on the contrary, the evidence showing that none of the defendants seized or wrongfully converted to their use said personal property, but that appellant permitted said property to remain upon the premises voluntarily after he was requested to remove the same,° and the evidence further showing that said personal property was

seized and sold under a mortgage executed by appellant to a third party, appellant was in no event entitled to recover any damages against the defendants for an alleged seizure and conversion of said property, and no error was committed by the court in so charging, and hence, the errors, if any, complained of by appellant in his brief on this phase of the case were harmless and could not require a reversal of the case.    Arwine v. Arwine, 3 Texas Civ. App., 195-6; Land v. Klein, 50 S. W., 638; Johnson v. Barker, 1 Texas Civ. App., 115; Koyer v. White, 25 S. W., 46; Field v. Munster, 32 S. W., 417, and authorities therein cited.

Plaintiff in his petition having alleged a judgment rendered in favor of the appellee, Mrs. Ella Moore, against plaintiff in a forcible entry and detainer suit, and the evidence showing a writ of restitution issued under and by virtue of that judgment, the pleadings and evidence showed beyond controversy that in taking possession of the premises referred to in plaintiff's petition the constable, W. W. Barr, was acting under and by virtue of a writ valid on its face, and hence, the writ of restitution was not void, but said writ, taken in connection with the judgment under which it was issued, furnished ample justification under the law for the seizure of said premises under said writ, and hence, the court did not err in refusing to give appellant's special instruction No. 3.

Koyer v. White, 25 S. W., 46; Field v. Munster, 32 S. W., 417, and authorities therein cited, upon the proposition that under the facts of this case plaintiff would not be entitled to recover the value of said property, even conceding for the sake of argument its seizure and appropriation as alleged in plaintiff's petition.

See Continental Land & Cattle Co. v. Board, 80 Texas, 489, and Randall v. Rosenthal, 31 S. W., 822, on the proposition of the right of an officer to justify upon process valid on its face, and also on the proposition that no damages can be recovered for value of leasehold where the tenant is evicted after the termination of such lease under his contract.

In an action against a party plaintiff in a case of forcible entry and detainer and a constable for the value of personal property alleged to have been wrongfully seized and appropriated by said plaintiff and said constable, evidence that after the alleged seizure and appropriation the property was seized and sold under and by virtue of a mortgage lien placed thereon by the plaintiff in said suit in favor of other creditors, is admissible at least in mitigation of damages, and the court did not err therefore in permitting the defendants in this case to prove the seizure and sale of said property under a chattel mortgage executed by I. B. Wilson to the Traders State Bank, and the application of the proceeds of the sale of said property to the payment of said debt secured by said chattel mortgage executed by appellant, I. B. Wilson. Koyer v. White, 25 S. W., 46; Field v. Munster, 32 S. W., 417, and authorities there cited.

The evidence in this case showing beyond question that the constable, W. W. Barr, took possession of the premises referred to in plaintiff's petition under and by virtue of a writ of restitution issued by a court of competent jurisdiction, which writ was valid on its face,

the court did not err, as complained of in said assignment, in telling the jury to find for the defendant Barr and his sureties.

See Continental Land & Cattle Co. v. Board, 80 Texas, 489, and Randall v. Rosenthal, 31 S. W., 822, on the proposition of the right of an officer to justify by a process valid on its face.

*W. H. Bledsoe* and *Ramsey & Odell,* for appellees W. W. Barr and sureties.—When a constable has lodged with him a valid writ, issued from a court of competent jurisdiction and which is fair and regular on its face, in acting under said writ he is protected by the writ, and if the writ is prematurely issued, appellant's remedy is against the officer of the law who improperly and unlawfully issued the writ and not against the officer who levies the writ which is issued from a court of competent jurisdiction and which the law says he is obligated and bound to levy. Stearnes, Suretyship, p. 335; Henline v. Reese, 56 Am. St. Rep., 736; Townsly Co. v. Fuller, 41 Am. St. Rep., 97; Holdredge v. McCombs, 56 Pac., 536; Ward v. Deadman, 82 Am. St. Rep., 172; Rice v. Miller, 70 Texas, 615.

BOOKHOUT, ASSOCIATE JUSTICE.—On the 5th day of December, 1907, the appellant brought this suit against appellee, Ella Moore, for damages in the sum of one thousand dollars. It was alleged that said defendant on November 7, 1907, through one W. W. Barr, constable, wrongfully ejected plaintiff from a certain house and the contents thereof in which plaintiff was then carrying on the business of a photographer, of which contents plaintiff was the owner, and appropriated the same to her own use. On September 8, 1908, the plaintiff filed his first amended original petition in which he made the remaining appellees defendants, the new defendant, W. W. Barr, being the constable of precinct No. 1 of Johnson County, Texas, and the others, sureties on his bond as constable. He avers in substance that he was the owner and in possession of a leasehold interest in a certain picture gallery in Cleburne, Texas, and the contents thereof, in which he was carrying on the business of photographer, that on November 7, 1907, W. W. Barr, as constable, at the request of his codefendant, Ella Moore, with a void writ of restitution placed in his hands by Ella Moore, ejected the plaintiff from said premises and from the property situated therein and turned the same over to Ella Moore, who converted the same to her own use to the damage of the plaintiff in the sum of twelve hundred dollars, for which plaintiff prayed judgment.

The defendant, Ella Moore, answered by a general denial, and specially denied that plaintiff had any leasehold interest on the house in question, but alleged that plaintiff occupied said house as her tenant from month to month and that upon plaintiff's failure to pay the rent monthly in advance she had the right to declare the lease forfeited, and that the plaintiff having failed to pay his rent she declared said rental contract forfeited and demanded of plaintiff the possession of the premises. She obtained the possession of said premises by the execution of a writ of restitution by said constable issued on a judgment in which she was plaintiff and Wilson was defendant; and she further answered that plaintiff's property was taken under a mortgage

executed thereon by plaintiff to the Traders State Bank, and sold, and therefore she was not liable for same. The remaining defendants pleaded general denial and, in substance, the same issue as the defendant. On the 16th day of March, 1908, the case was tried by the court and a jury and judgment rendered in favor of all the defendants that plaintiff take nothing. Plaintiff's motion for new trial having been overruled, he perfected an appeal to this court.

The first assignment of error presented in the brief of appellant complains of the court's action in refusing a requested charge instructing a verdict in his favor. The evidence shows that the defendant, Mrs. Ella Moore, was the owner of a two-story business house in the city of Cleburne, the second or upper story of which she rented to one T. M. Mills for the term of three years in consideration of ten dollars per month, payable monthly in advance, with the right to transfer the lease subject to the consent of the lessor. Mills entered into possession of said premises and conducted a photographic business therein until the month of August, 1907, when he sold the business to I. B. Wilson, to whom Mrs. Moore consented the lease could be sold on condition that he pay the rent of $10 per month monthly in advance. Wilson entered in possession and conducted the photographic business therein, but having failed to pay the rent monthly in advance an unlawful detainer suit was filed on October 17, 1907, against him in the Justice's Court of precinct No. 1 of Johnson County. On November 22, 1907, a writ of restitution was issued out of the Justice's Court of precinct No. 1 of Johnson County directed to the sheriff or any constable of Johnson County, commanding him to deliver to said Ella Moore the possession of the premises, describing same, and being the same premises occupied by I. B. Wilson. This writ was regular on its face. It was placed in the hands of the constable of said precinct, who executed the same on the 30th day of November, 1907. At the time of the execution of said writ there was contained in said photographic establishment certain instruments and material belonging to I. B. Wilson, consisting of a portrait camera, a portrait lens, a portrait stand, a set of furniture and a few other articles of the alleged value of several hundred dollars.

As to how the writ was executed and what took place at the time, and how the property of Wilson came to be locked up therein is best stated in the language of the constable, Barr. He testified: "When I went over there to see the plaintiff in November, 1907, I had a writ for him. I had a writ of restitution which I served on him. I told him as an officer of the law I would have to put him out of the house. He says, 'You won't have to put me out; I'll get out;' and he went downstairs and I locked up the doors and nailed up the windows. There was a photograph gallery outfit in the house and I locked it up in there under the directions of this writ, which was issued by the justice of the peace of precinct No. 1, Johnson County, Texas. The lawyers for Mrs. Moore instructed me to do this. I don't know how many, but I told different ones that I had locked up this place of the plaintiff. I told Albert Bledsoe, one of the attorneys for the defendants in this case, that I had locked up

the house and nailed it up, etc. I don't know that I told him about the things being in there, but I suppose he knew it; I don't know that he asked me about that. I think I turned the key over to Mrs. Moore or Mr. A. S. Bledsoe, one, I don't remember which." Upon cross-examination he testified: "Yes, sir, this is a writ I had; this is the one I had when I locked up the premises referred to. This writ came into my possession the 22d day of November, 1907, at 1:30 o'clock p. m., and I executed it on the 30th day of November, 1907. I went to Mr. Wilson, the plaintiff, between the time I got this writ and the time I executed it several times and talked to him with reference to his giving possession of the premises; I think I went some three or four times, any way; I was trying to get him out of the premises and to take his stuff out of the building. I don't think he ever told me he would take his stuff out of the building at any of these times I talked to him. I think it was the evening before I closed up the place, I had a conversation with Mr. Wilson, and he told me that he had some work in his place of business, and that it would be a loss to him to close it up just then; that some parties had work there and he wanted until the next day to get it out or finish it for them. I never did take possession of plaintiff's property only in the·manner I have indicated, that is, by nailing it up. I tried to get him to take his goods and stuff out of the building two or three different times. I think I put another lock than the one already on the door on there. Mr. Wilson did not turn over the keys to the building to me and I got another lock and put on the door. It was after I went up there and told him I had a right under the law to put him out if he resisted; then he got out the next morning, I believe it was. He consented to get out the next morning. Mrs. Moore nor no one for her directed me to take possession of Mr. Wilson's property; she wanted the building, I understood; wanted possession of the building. I was directed to get possession of the building and was not directed to take possession of the goods. I executed this process on the 30th of November, 1907. This is my handwriting on the back of this writ handed me. I did that at the time I executed the writ."

Wilson testified: "Mr. Barr came up and said he had a writ to close my business, and I said all right, if you have got authority to close it, go ahead and close it; and he closed it up and I went out. He nailed up my back windows and front windows and partition doors, and asked me if I would get out, and I said, 'No, you are an officer and you can put me out;' and he says, 'I'll have to do it;' and he put me out and asked me if I would give him the key, and I told him no, and he got another lock and locked it up. I went on out of the house. This outfit was in there as I stated when he locked it up. I went out on the street and have never been back there since that time. I think the place remained locked up there about four months. I was in town when it was opened up. I think it was about four months before it was opened after it was locked."

The evidence further shows that the Traders State Bank of Cleburne had a mortgage on all the property, which, not being paid, the property was taken possession of by the bank, and after notice to Wilson

the bank sold the same to satisfy said mortgage. This property was never claimed by Mrs. Moore or anyone for her, nor did she authorize anyone to take the same.

Under these facts the court did not err in refusing to instruct a verdict for appellant. The plaintiff based his right of recovery against appellee, Mrs. Moore, on the allegation that he had a contract with her entitling him to the possession of the rental premises from the first day of January, 1907, to the first day of January, 1909, which allegation she denied, she alleging that the only contract between herself and appellant was a rental contract for one month and from month to month at the agreed rental of $10 per month payable monthly in advance, and that appellant was only to have possession of said premises so long as he paid said rental in advance, and that if the rent was not paid in advance the contract should terminate, and the court having submitted in his charge this issue to the jury, and the jury having found in favor of appellee, appellant would not be entitled to recover any damages from said appellee by reason of being evicted from said premises. The jury found that the plaintiff Wilson did not have a lease on the premises as alleged by him, but that the same had terminated by his failure to pay the rent monthly in advance as he had contracted to do, and that he was not entitled to the possession of the same and could not recover damages on the ground that he had been evicted from the premises.

Again, this being a suit by a tenant against his landlord for wrongful eviction from the rented premises, and the undisputed testimony showing that the value of the use of the rented premises did not exceed the amount of the rent to be paid by him under his contract, he failed to show that he was damaged by reason of such eviction.

The trial court after hearing the evidence instructed a verdict in favor of the constable and sureties on his official bond. The writ of restitution under which the constable acted in ousting appellant from the premises was fair and regular on its face, and issued out of a court of competent jurisdiction and was a valid writ. It was the duty of the constable to execute the writ. (Rice v. Miller, 70 Texas, 615 Randall v. Rosenthal, 31 S. W., 822.) If it be true that the writ issued on an irregular or even a void judgment, it would be sufficient to protect the officer where the writ is valid on its face and issued from a court of competent jurisdiction.

Again, the evidence fails to show that any of the defendants wrongfully converted any of the personal property of plaintiff. On the contrary, it shows that plaintiff was requested to remove his property from the rented premises, but refused to do so, and voluntarily left it therein; that none of the defendants made any claim to the same or assumed any ownership over the same and no conversion is shown by the evidence. In order to charge one with a wrongful conversion of property there must be an illegal assumption of ownership. (Arwine v. Arwine, 3 App. Civ. Cases, sec. 155, p. 196; Walker v. Simkins, 2 App. Civ. Cases, secs. 69, p. 58; 1 App. Civ. Cases, sec. 283, p. 115.)

Finding no error in the record, the judgment is affirmed.

*Affirmed.*