## COMPTON v. FARRINGTON. (No. 2252.)

Court of Civil Appeals of Texas. El Paso.
April 11, 1929.

E. M. Reichman, John C. Read, and Church, Read, & Bane, all of Dallas, for appellant.

John T. Spann, of Dallas, for appellee.

WALTHALL, J. Evelyn Farrington brought this suit against C. V. Compton, A. G. Philbrick, constable, and the National Surety Company, surety on the constable's official bond, for damages actual and exemplary, alleging a conversion of specified articles of her personal property. She alleges that she lived at 3702 Metropolitan avenue and that on June 11, 1927, Philbrick, through his deputy, without her consent, unlawfully, maliciously, willfully, and intentionally, entered her premises and forcibly, maliciously, and willfully ejected and disposed her of her residence and took, seized, and carried away certain personal property, itemizing same, and stating the value of each article; that Compton directed and ordered Philbrick to do the things complained of, all to her actual damage stated; and that by reason of such acts she is entitled to exemplary damages as stated.

Judgment was entered in favor of Philbrick and the National Surety Company and, no point being raised here as to such disposition, we need not later refer to either.

Compton answered by demurrers, general and special, general denial, and specially that Philbrick, acting under a writ of restitution, issued by a justice of the peace in a case styled C. V. Compton v. J. S. Farrington, directing him to enter upon the building situated at No. 3702 Metropolitan avenue in the city of Dallas and restore same to him, C. V. Compton, and that, acting under said writ, Philbrick entered into said property and removed therefrom all property belonging to said J. S. Farrington and delivered said real property to him, C. V. Compton, and denied any unlawful or malicious act on the part of any of the defendants.

On the trial the evidence, briefly stated, disclosed that plaintiff, Miss Evelyn Farrington, lived with her father and mother, Mr. and Mrs. J. S. Farrington, in the building in question, and occupied by them at No. 3702 Metropolitan avenue, and that she owned the property in the room occupied by her, including the property involved in the suit.

C. D. Drake, the deputy constable, who executed the writ of restitution, testified in part that when he received the writ he went to the house in question, found it closed, and nobody there, and then posted a notice on the door stating that he had the writ; the next morning he went to the house and, finding nobody there, he made inquiry in the neighborhood, but could not find them; later he returned to the house and then found a furniture house dealer there after furniture, and after the furniture dealer had taken the furniture they wanted, he, the constable, took the rest of it and moved it to another house and stored it; said: "Some furniture company had a truck at this house that day, they took what they claimed, and the rest of the furniture he took to a house on Eighth street in Oak Cliff and stored it, as he had to put it somewhere to take care of it as he did not want to throw it out in the weather; said he never did find Mr. Farrington, and never saw him until this day; he went around in the neighborhood and inquired for him but could not locate him. He wanted to find Mr. Farrington and tell him where the goods were and that he could get them. He could not find him, but did notify his attorney, Mr. Spann. He told Mr. Spann where the goods were and told him that he could have them on a signed order by his client;" said: "I got what stuff I took and put it in the hands of C. V. Compton, Special Bailee, until I could deliver the stuff. We put it in a house on Eighth Street in Oak Cliff, a house belonging to C. V. Compton, for storage."

C. V. Compton testified that, after a certain length of time, the plaintiff not having sent for or come for the furniture, though notified, he filed suit and sequestrated it; that his tenants in Oak Cliff have authority to care for that furniture and use it and that is part of the sequestration.

The evidence covers some fifty pages of the record and we have carefully reviewed it.

The jury found on special issues submitted to them:

That C. V. Compton converted the property belonging to plaintiff.

The articles of property converted by Compton are itemized as follows: One cotton mattress, value $14; one bed spring, $8; one floor pillow, $6.

The jury found that in converting said property Compton acted maliciously and found and assessed exemplary damages in the sum of $232.

The court entered judgment against Compton in the sum of $28 for actual damages, and the sum of $232 as exemplary damages. The court entered judgment against plaintiff as to Philbrick and his surety, National Surety Company.

Compton prosecutes this appeal.

### Opinion.

■ We have omitted to state the greater part of the evidence for the sake of brevity. The evidence clearly shows that Compton was entitled to immediate possession of the house from which the goods were taken, and that possession was taken under a writ of restitution issued by a court of competent jurisdiction, and executed by an officer authorized to execute it, and the articles taken from the house were placed in a house owned by Compton for safe-keeping. The evidence, we think, indisputably shows that the Farringtons knew of the taking, the place where they were stored, and that the goods could have been gotten at any time they would call for them, but for reasons only known to them they have not only failed, but refused, to call for them and take them away. The evidence shows beyond question, we think, that Compton has at no time claimed the goods and at the time of the trial held the goods for and subject to the order of the owner. The main facts are uncontroverted. Appellee has filed no brief and we are not advised as to the theory upon which she expects to sustain the judgment of the trial court.

■ We have found in the record no element of conversion of the goods either by the officer or by Compton. The only fact in the least suggesting a conversion of the goods is that Compton testified that, after the owner not only did not but refused to call for the goods, Compton sequestrated the goods then in his house and authorized his tenants in the house to make a proper use of it. This, we think, does not constitute a conversion of the property. Appellee testified that she was notified at the time the goods were being removed that an officer was at the house removing the personal effects from the house, and she never asked the constable or Compton for her property back. She also said: "I think I was informed, and I think I know where my property is now, in a house on Oak street, being used by others."

■ In order to charge one with a wrongful conversion of property, there must be an illegal assumption of ownership. Wilson v. Moore, 57 Tex. Civ. App. 418, 122 S. W. 577.

■ Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, and may be effected by taking actual corporeal possession and control over the property or another so as to prevent the owner from the exercise of such

right. France v. Gibson (Tex. Civ. App.) 101 S. W. 536; McCarthy v. North Texas Loan Co. (Tex. Civ. App.) 101 S. W. 835; Sanford v. Wilson, 2 Willson, Civ. Cas. Ct. App. §§ 247, 249.

It is not shown that Compton's possession and the use made by him of the goods was to the exclusion and in defiance of appellee's rights to such possession and use.

There is no element of fact in the case upon which exemplary damages can be based.

The case is reversed, and judgment is here rendered for appellant.