## R. W. HANAWAY v. J. M. WISEMAN.

### Decided June 3, 1905.

**1.—Conversion of Crops—Measure of Damages—Charge.**

Where a landlord, who was entitled to one-third of the crops raised by the tenant, converted the entire, a charge of the court, in an action for the conversion, which authorized the jury to assess the tenant's damages for the conversion at such sum as would reasonably compensate him for the value of the product was not reversible error, as misleading the jury into assessing the value of the entire product, where there was no controversy in the evidence that the defendant was entitled to one-third, and a special charge instructed that the rent part was the defendant's property, for which the jury could find nothing for the plaintiff.

**2.—Same—Compensation.**

A charge stating the measure of damages at "such sum as will reasonably compensate plaintiff for the value of" the product converted is held sufficiently definite and substantially correct, though not literally in the form approved by the decisions.

Appeal from the District Court of Knox. Tried below before Hon. J. M. Morgan.

*Montgomery & Hughes* and *D. J. Brooker,* for appellant.

*Glasgow & Keenan, Chas. E. Coombes* and *Sam. J. Hunter,* for

appellee.—It is not always necessary to charge the jury on market value. We learn the rule from the text books that way, but "value," as shown by the evidence admitted without objection, means the same thing in substance, and especially where all the evidence was as to market value. They could not have found any other value but market value, if they went by the evidence, as the court told them to do.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellee's favor for the sum of $300 as actual damages for the conversion of certain Kaffir corn and straw. The facts are, that on December 2, 1901, appellant sold to one J. D. Gray, a section of land upon credit, the payments being made to mature 1, 2, 3, 4 and 5 years after that date, the vendor's lien being retained to secure the notes for the deferred payments. Gray failed to pay anything on the land, and in November, 1902, Hanaway filed suit in the proper court to collect his debt and foreclose said lien. Gray was served with citation in January, 1903, and Hanaway obtained judgment on April 7, 1903, and a foreclosure of lien with order of sale by virtue of which appellant, in July, 1903, again became the owner and was placed in possession of said section.

In October, 1902, appellee rented part of the land in controversy from Gray for the year beginning January 1, 1903, with the agreement that he was to pay one-third of the Kaffir corn in the stack to Gray as rent, there being no contract as to straw. The Kaffir corn was planted in the latter part of April, 1903, and was ready for harvest in the latter part of September of that year, at which time it further appears that appellant caused appellee's arrest upon complaint filed charging criminal offences, and thereafter converted the Kaffir corn and a certain stack of straw to his own use.

Appellee in his petition also alleged that the prosecution instituted against him upon affidavits of appellant were malicious, and he prayed for the recovery of damages therefor, but from the verdict of the jury, construed in the light of the court's charge, it plainly appears that the jury found against appellee on the issue of damages for the alleged malicious prosecution. The first and second assignments of error, therefore, will be overruled without discussion, inasmuch as they relate to that issue alone.

The remaining assignments (the third and fourth) complain of the court's charge; but we do not think the objections thereto maintainable. The court charged the jury in substance that if they found the facts as hereinbefore stated they should find for appellee, and "assess his actual damages at such sum as you (they) consider from the evidence will reasonably compensate him for the value of said Kaffir corn and wheat straw." Appellant insists that it is undisputed that he as owner was entitled to one-third of the Kaffir corn as rent, and that the charge quoted permitted the jury to find against him for the value of the whole. Appellee testified that "the rent was Hanaway's," and that such was the fact is not disputed. The charge limiting, as it does, appellee's damages to compensation merely, we think it quite improbable that the jury understood the charge as requiring of them a finding for the value of the entire crop. Particularly in view of the special charge

given by the court at appellant's request, "that whatever quantity of Kaffir corn or straw was the property of J. D. Gray became (when the land referred to in plaintiff's petition was sold to defendant) the property of the defendant, and you can find nothing for plaintiff as to said property."

The further contention that the charge "did not give the jury the correct measure of damages, and left it to the jury to adopt such measure as they saw proper," presents a difficulty more apparent than real. While the charge is not literally in the form approved by the decisions, we yet think it substantially correct. As before stated, the jury was thereby limited to "compensation" for the damages done appellee. This is the true basis for the rule, and there is nothing in the record to indicate that the jury entertained any other thought. It is true the evidence as to the value of the Kaffir corn and straw was conflicting, but appellee's testimony abundantly sustains the verdict. Indeed such testimony fixed the value of said property in the aggregate at $800 or $900.

There being no other assignments, and finding that the evidence sustains the material allegations of appellee's petition and the verdict of the jury, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.