MRS. W. G. NAIRN ET AL. V. ROBERT BEAN ET AL.

No. 5931.   Decided April 21, 1932.
(48 S. W., 2d Series, 584.)

*Vickers & Campbell,* of Lubbock, for appellants.

*James V. Allred,* Attorney General, *T. S. Christopher,* Assistant Attorney General, *Vaughan Wilson,* County Attorney of Lubbock County, and *Tom Garrard,* of Lubbock, for appellees.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Mrs. W. G. Nairn and others, resident property tax payers in that county, filed suit in the District Court of Lubbock County, against the County Judge and Commissioners of said County, and the individuals constituting the State Highway Commission, its engineers and employes, as defendants, seeking an injunction to restrain defendants from changing or destroying the

present location of State Highway No. 53 and that they be required· to replace thereon certain highway signs which had been removed and to maintain said highway out of the State Highway Fund, provided by law for such purpose; furthermore that they be restrained from condemning or attempting to condemn property of plaintiffs for any proposed change of said highway.

From the allegations of plaintiffs' petition it appears that Highway No. 53 runs through Lubbock county in a southwesterly direction, originating about Dickens, Texas, and terminating at Brownfield, Texas.

Idalou and Lubbock in Lubbock County, are intermediate points of control for the location of said highway.

The tentative or temporary location of said highway on the ground—such location from Lubbock to Idalou being parallel with and on the south side of the Santa Fe & Panhandle road to a point intersecting Highway No. 9, about 1.5 miles northeast of Lubbock and thence over said Highway No. 9 to the intersection with Avenue H in the City of Lubbock—was made permanent by the Highway Commission on January 16, 1928. Afterwards, the Federal Bureau of Roads recognized and designated same as a Federal Highway entitled to secure Federal Aid under statutes so providing.

Prior to that date certain citizens of Lubbock County urged the Highway Commission to route said highway to enter the City of Lubbock by Broadway and other citizens urged that same be routed by Avenue H as above set forth. This controversy was styled "Broadway v. Avenue H," and after a full hearing from all parties, the Highway Commission determined the permanent location on the ground of said highway between Idalou and Lubbock as aforesaid.

It is alleged in the petition that such determination of permanent location was on condition that a right-of-way, 100 feet in width, be donated and conveyed to the State of Texas by the plaintiffs and the County Commissioners Court, and the road opened and graded by them, when the Highway Commission would maintain the same as a permanent highway out of the highway fund for that purpose.

The order of the Highway Commission following the hearing aforesaid, on January 16, 1928, as entered of record in its minutes is as follows:

"Re: Highway No. 53 in Lubbock County.

"Motion by Judge Ely, seconded by Mr. Johnson, that the permanent location of Highway No. 53 in Lubbock County

be as recommended by the State Highway Engineer; that is, following the Santa Fe Railroad from Idalou to a point intersecting highway No. 9, about 1.5 miles north of the town of Lubbock, south of the proposed underpass under said Railroad. Motion carried."

It is further alleged in the petition, that, pursuant to the proceedings and representations aforesaid, plaintiffs donated and conveyed of their respective lands, the right-of-way 100 feet in width and additional lands to eliminate sharp curves, removed their fences and improvements at considerable expense; that the road was opened and graded in all things as required by the Commission, after which it was accepted and its maintenance taken over by the Highway Commission who caused signs to be erected thereon designating said road as State Highway No. 53; that following the action of said commission, the plaintiffs rearranged their respective properties so as to conform thereto and so they would receive the incidental benefit in the use of said road; they made additional and costly permanent improvements on their property so as to receive the use and benefit of same in connection with the use of said road; they did this on the faith of the proceedings aforesaid and on the representations that it was the permanent location of said Highway No. 53; that the Highway Commission and the Commissioners Court of Lubbock County paid nothing to the plaintiffs for the right-of-way and the opening and grading of the road; they contracted and agreed with plaintiffs that for the consideration aforesaid, said road would be the permanent location of Highway No. 53 and would be maintained by the Commission out of the state highway fund for that purpose.

It is further alleged in the petition that said location of Highway No. 53 is the shorter and more practical economical route between Lubbock and Idalou; that it will cause less damage to the lands of plaintiffs than any other proposed route and at the same time it serves more people, and the traveling public are more convenienced and benefited; that the route over Broadway would extend over the Yellowhouse Canyon, which is about one-half mile in width and very deep and would necessitate an expenditure of an enormous sum of money to open and grade same for the benefit of the public, and would cause material damage and injury to the property of plaintiffs; that for these reasons and the additional consideration aforesaid paid by these plaintiffs, was said Highway No. 53 located.

It is further alleged in the petition, that the defendants are about to breach their aforesaid contract and agreement to

the material hurt and injury of the plaintiffs in this: the defendants have removed and caused to be removed the signs "State Highway No. 53" along said highway between Lubbock and Idalou and are not maintaining said highway; they are threatening to change the location of same so as to enter Lubbock from the east over Broadway or Twelfth Street, crossing the canyon aforesaid and intersecting the present location at a distance of from one to four miles of Idalou; that the members of the State Highway Commission have instructed and caused to be instructed their engineers, to make a new location of said Highway No. 53 between Lubbock and Idalou via Broadway and to intersect the present location of said Highway No. 53 at a point one to four miles west of Idalou, which is being done with the knowledge of their co-defendants, the County Judge and Commissioners of Lubbock County, and that the defendants are thus proceeding in an ex parte manner and without the approval and consent of the plaintiffs and without hearing accorded them on the proposed change and without advising them in any way about the same; that they are likewise attempting such change or relocation of Highway No. 53 and have committed the acts aforesaid without first having the approval of the Federal Bureau of Roads and without the knowledge and consent of the plaintiffs; that such acts of the defendants are not for an additional highway but amount to a substantial and material change and destruction of the present location of Highway No. 53.

It is further alleged in the petition, that the defendants are threatening and making preparations to procure a right-of-way for the proposed change so as to cross and take additional lands from them to their material injury and damage; that defendants are threatening condemnation proceedings if plaintiffs do not voluntarily agree to the proposed change and to convey an easement over their respective lands for such purpose, and will do so if not restrained. That all facts and circumstances that existed on and prior to January 16, 1928, in favor of said Highway No. 53 as then located, now exist and in addition thereto, the plaintiffs and the public in general are accustomed to the use of said Highway No. 53; that settlements and improvements have been made adjacent thereto; * * * that such acts on the part of the defendants are a breach of the contract and agreement with the plaintiffs with reference to the location of Highway No. 53, and are therefore illegal and void; * * * that such acts of the defendants Sterling, Johnson and Ely, State Highway Commissioners, are their in-

dividual acts and are not the acts of the State; * * * that such acts attempted or contemplated are a gross abuse of their discretion to change the highway aforesaid under the facts aforesaid.

The defendants answered by plea to the jurisdiction of the court, plea in abatement and a general demurrer, all of which were sustained by the trial court.

The plea to the jurisdiction of the court, was, in substance:

1.—That the defendants Sterling, Johnson and Ely are members of the State Highway Commission of the State of Texas, and as such compose and constitute said Highway Commission; that Gib Gilchrist is the State Highway Engineer of the State of Texas, and the defendant, Joe Caldwell, is the division engineer of the State Highway Department of the State of Texas.

2.—That the State Highway Commission is a part of the Highway Department and is an agency and a branch and a unit of the State of Texas. That it was created by and under the laws of the State of Texas, and is, under the laws of the State of Texas, vested with the control of the state highways of said state and is charged, under the laws of said state, with the formulation of plans and policies for the location, construction and maintenance of a comprehensive system of state highways and public roads, and is charged with the duty of constructing, reconstructing, maintaining, designating and redesignating the highways of the State of Texas.

3.—That none of said defendants are personally interested in the construction, reconstruction, maintenance, control, designation or redesignation of any of the highways of the State of Texas, but that all acts and conduct of any and all of said defendants complained of in plaintiff's petition, if performed at all, are and were performed by defendants in their official capacity as agents and officials of the State of Texas, and were performed as the official acts of said defendants in their capacity as such officials, and were performed for and on behalf of the State of Texas.

4.—That all of the acts and conduct of said defendants complained of in plaintiffs' petition, if performed at all, were performed by reason of the lawful and legal order, legally and lawfully made by said State Highway Commission.

5.—That the defendant, Joe Caldwell, as alleged in the plaintiffs' petition, is under the direction and supervision of the State Highway Commission and any and all acts and conduct complained of in plaintiffs' petition, if performed at all by said

defendant, were performed in his official capacity under lawful authority and orders of said State Highway Commission.

6.—That the State of Texas is the real and only party interested in said location of said road and it is therefore a necessary part thereof.

The averments in the plea to the jurisdiction are substantially repeated in the plea in abatement.

Based upon the foregoing statement, the Honorable Court of Civil Appeals for the Seventh Supreme Judicial District, submits the following questions, viz:

1.—Did the trial court err in sustaining the defendants' plea to the jurisdiction of the district court in this cause?

2.—Did the trial court err in sustaining the plea in abatement of said cause?

3.—Did the trial court err in sustaining defendants' general demurrer to the plaintiffs' petition?

## OPINION.

The petition is based upon a contemplated breach of an alleged contract between the State Highway Commission and petitioners, that the road in question would be the permanent location of Highway No. 53 and therefore may not be changed by said Commissioners.

It is true that the petition alleges that such contemplated breach constitutes a gross abuse of their discretion under the facts stated, but such allegation is merely by way of conclusion, based upon the alleged breach of contract alone, and not upon any other facts.

■ The effect of the present statute on the subject is to vest administrative control of all public roads which might be a part of the state highway system in the State Highway Department, with respect to the designation, location, relocation, improvement, construction, abandonment or discontinuance thereof. Whatever said department may do in the premises, in the exercise of an honest discretion must be respected when untainted by fraud and unassailed on account of accident or mistake occurring in their performance, or such abuse of discretion as under the authorities would avoid the same. Heathman v. Singletary, 12 S. W. (2d) 150; Porter v. Johnson, 140 S. W., 469; Smith v. Ernest, 46 Texas Civ, App., 247, 102 S. W., 129.

As said by Associate Justice Pierson in Robbins v. Limestone County, 114 Texas, 345, 268 S. W., 915, "The provisions of the Highway Statutes create an agency in which are vested

powers to formulate and execute plans and policies for the location, construction and maintenance of a comprehensive system of state highways and public roads. Formerly, under 'the laws of the State,' these powers were exercised by the County Commissioners Courts, but, as it was constitutionally authorized to do, the Legislature created another agency, to-wit: the State Highway Commission, and invested it with certain powers and functions, same to be performed and executed in conjunction with other agents and agencies of the State. The powers here bestowed by the Legislature are not different from those formerly vested in Commissioners Courts, which are in no sense a delegation of legislative authority, or a delegation of the power to suspend laws."

■ It is well settled that no governmental agency can by contract or otherwise, suspend or surrender its functions nor can it legally enter into any contract which will embarrass or control its legislative powers and duties or which amount to an abdication thereof. Bowers v. City of Taylor, 16 S. W. (2d) 520, and cases cited.

To sustain such a contract as is here claimed, would be in the face of that well recognized rule and render impotent the administrative control of the Highway Commission with respect to the designation, location, relocation, abandonment or discontinuance of roads forming part of the state highway system.

We therefore answer the third question in the negative, which renders unnecessary any answer to the other questions.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.