## TEXAS COTTON CO–OP. ASS'N v. FELTON et al.

### No. 4235.

Court of Civil Appeals of Texas. Texarkana.
July 14, 1932.

Rehearing Denied Sept. 1, 1932.

C. K. Bullard and E. F. Kucera, both of Dallas, for appellant.

W. W. Berzett and Rodes & Garrett, all of Emory, for appellees.

LEVY, J. (after stating the case as above).

█ The appeal is rested chiefly on the point that judgment should have been rendered in favor of the Texas Cotton Co-operative Association on its cross-action for damages as for conversion, not only against J. M. Gray and G. R. Kerr, but also against the sheriff, J. M. Felton, and M. L. Allen & Son. It is urged that as the cotton was seized under writ of sequestration, a cause of action for conversion was conclusively established in the fact of private sale of the same without judicial process. The principle of law sought to be invoked by the appellant is well established, American Mortgage Corp. v. Wyman (Tex. Civ. App.) 41 S.W.(2d) 270, but there is doubt that liability for conversion upon that ground or otherwise was established by the evidence. It is believed that the private sale of the cotton should, in the circumstances, be considered, as the trial court evidently concluded should be, as intended to be made of final effect by decree of the court of foreclosure and sale under the mortgage stipulation. The final decree of foreclosure and sale was in effect an approval of the agreed private sale, made for the purposes of ending the litigation. By such decree the rights of all the parties, including the appellant association, in relation to the cotton seized were adjusted. The seizure of the cotton in the first instance under the writ of sequestration was merely in the incidental purpose of preventing the cotton's being moved by the mortgagor into another county.

██ And it is thought the conversion may not be predicated on the proof as made in the case. The mortgage contained the stipulation expressly authorizing the seizure and sale of the cotton in the county where grown and mortgaged without legal proceedings at all. In virtue of this contractual right the mortgagee would be empowered to take into possession the mortgaged cotton if he deemed himself insecure and to hold and dispose of the same in the character of a mortgagee. And the evidence clearly goes to show that in point of fact the disposition of the cotton to M. L. Allen & Son was made purely in purpose and intention in keeping with the provisions of the mortgage and not otherwise. The cotton was fairly sold for its full value, and the proceeds of the sale was applied first to the full payment of the mortgage indebtedness, and the remaining amount, as we must take the fact to be, "was paid to G. R. Kerr as rent." Both the mortgagee Felton and the landlord Kerr received only, and no more than, that which each of them were legally entitled to have paid out of the value of the cotton, and did not assert ownership over any portion of the cotton or the proceeds of sale than they were to have and receive. The evidence is conclusive of the fact that at the time the tenant J. M. Gray undertook to pass the twelve bales of cotton to the Cotton Co-operative Association the twelve bales of cotton were subject to the prior mortgage of J. M. Felton, and the prior right of the landlord G. R. Kerr to one-half the cotton. It was therefore allowable to deduct both the mortgage indebtedness and the landlord's rights from the value of the property. In so doing, after deducting the landlord's one-half, the mortgage indebtedness was beyond and exceeded the tenant's due proportion of the cotton and its value. There can be no conversion where one takes only what he is entitled to receive and does not assert ownership over a portion more than is permissible for him to do, and that is the situation shown in the case.

█ The factual element further appears, as may under the circumstances be concluded, that the Cotton Co-operative Association was not in the relation of absolute owner in immediate possession of the cotton at the time of execution of the writ of sequestration on September 29, 1930, at 11 o'clock a. m. Houston, Tex., was contemplated to be the place of delivery of the cotton and the possession and control of the Cotton Co-operative Association to be upon the arrival of the cotton at Houston, Tex. The title remained in the shipper up until the bill of lading was turned over to the cotton association upon payment of the draft. The draft does not appear to have been paid before the levy of the writ, though it was paid on the same day as the levy of "September 29, 1930." In this view, therefore, considering all the circumstances, it is concluded that there may not be predicated error on the part of the trial court in denying judgment as for conversion against the sheriff, M. L. Allen & Son, and J. M. Felton. It appears that the court allowed a recovery to the Cotton Co-operative Association against the landlord and tenant of the money advanced in payment of the cotton, and this

was seemingly the proper remedy, as the enforceable rights, of the cotton association in the case, in the light of all the circumstances shown.

The judgment is affirmed.