**116**

cle 802a, as added by the Acts of 42d Leg., Regular Session, c. 162, p. 268, § 1 (Vernon's Ann.P.C. arts. 802, 802a)."

The statute in question is not regarded as offending against the principles set forth in article 18, supra. The amendment of the statute is not deemed obnoxious to the principles stated in article 18, quoted above, relied upon by the appellant.

Aside from the foregoing, there is nothing presented in the record which would justify a reversal or further discussion.

The judgment is affirmed.

Pfeiffer & Sanders, of San Antonio, for appellant.

Elmer Ware Stahl and A. R. Sohn, both of San Antonio, for appellees.

### ZERR v. HOWELL et al.

#### No. 9660.

Court of Civil Appeals of Texas. San Antonio.

Nov. 27, 1935.

BOBBITT, Justice.

E. M. Zerr, appellant herein, prosecutes this appeal from a judgment of the Seventy-Third district court of Bexar county, sustaining a general demurrer to his petition, and, upon his refusal to further plead, dismissing the cause.

On the 9th day of April, 1932, appellant, Zerr, and appellees herein, G. C. Howell and Clarence F. Hutches, exercising their right and privilege of contract, entered into an agreement which it is admitted, by all parties to this proceeding, to be a contract of partnership, to buy, shell, and market pecans. Among other things mutually agreed to by and between the parties, the contract expressly provided: "If this contract is continued in force by the acts of either or all parties as hereinabove provided beyond July 1, 1932, it is mutually agreed that it shall not be terminated, but shall be continued upon the same basis until the entire stock of pecans on hand as of date July 1, 1932, has been marketed. 'First party shall not be compelled to account to either second or third parties for their share of any profits made, however, until all monies due his said business for pecans sold as herein provided, shall have been collected, or it reasonably appears that no further collections can be made thereon.' "

There is no dispute that the contract was continued in effect, by mutual agreement of the parties, until the 31st day of January,

1933. Appellant alleges that on such date the appellees, defendants in the court below, terminated such partnership without the consent of appellant, and, without paying him therefor, took possession of his interest in the assets of the partnership, converted the same to their own use and benefit, and used the same in the continuation of the pecan business thereafter, under a partnership arrangement between appellees; that at the time of such alleged conversion by appellees, the gross assets of the orginal partnership were of the value of $51,083.45; that the partnership business was indebted to appellee, Howell, in the sum of $30,824.50, leaving the net assets of the firm at such time in the sum of $20,258.95; that under the agreement of partnership the first $10,000 of the net assets were to be equally divided between appellees, Howell and Hutches; and the remainder of such alleged net assets, $10,258.95, under such partnership agreement, were to be divided equally between the three partners; appellant herein being entitled, according to his contention, as his portion of the net assets of the partnership, to $3,419.65, for which amount appellant filed suit against appellees on the 14th day of August, 1934.

Appellant attached to his petition, as an exhibit thereto and as a part thereof, a copy of the partnership agreement; and in addition thereto set out in the body of his petition, in hæc verba, portions or extracts from such contract. Appellant did not sue for an accounting of the partnership assets, but set forth in his petition that the appellees, on the 31st day of January, 1933, without the consent of appellant, took over the share or interest of the appellant, without paying him therefor, and set out in his petition what he contended to be a complete statement of the assets and liabilities of the partnership, and alleged that the amounts and values stipulated for the various items were correct, and were the reasonable market value thereof on the date of the alleged conversion. Among the assets of the firm as pleaded by appellant is an item of "accounts receivable in the sum of $4,849.13," which appellant alleged to be of that value, and which were owing and not collected by the firm. Appellant alleged that he had often demanded an accounting from appellees, but they had failed and refused to account to him for his interest in the profits of the business or the assets thereof, and he asked judgment for his claimed net interest in the assets of the firm, in the sum of $3,419.65.

■ Appellees interposed appropriate demurrers and exceptions to the petition of appellant, and urged particularly the provisions of the contract itself as specially plead by appellant, and more in particular that definite provision of the contract in which all the parties had mutually agreed: "First party (appellee, Howell,) shall not be compelled to account to either second or third parties (Hutches and Zerr) for their share of any profits made, however, until all monies due his said business for pecans sold as herein provided, shall have been collected, or it reasonably appears that no further collections can be made thereon."

Appellant not only failed to allege that the plain terms of the contract he signed had been complied with in respect to an accounting between the partners, but, as appears above, he expressly alleged that $4,849.13 in firm accounts were outstanding and uncollected; that such accounts were worth 100 cents on the dollar. Therefore, he could not, of course, allege that "it reasonably appears that no further collections can be made thereon," as the contract provides, before an accounting shall be had. Appellant makes no contention that the contract of partnership does not in fact represent the true purposes and complete agreement and understanding reached between the makers thereof. Appellant voluntarily executed the contract; it correctly sets forth his agreement with appellees; he alleged its every term and stipulation as a part of his cause of action against appellees. He cannot, in the absence of some legal claim or excuse, approve it in part, claim under it, and repudiate the balance, which does not at this time suit his convenience or contention. In so far as this court is concerned, in the absence of some lawful claim relieving him therefrom, appellant is bound by the terms of the contract, which he made and executed with his partners under terms and conditions then mutually agreeable to all concerned.

■ Appellant correctly states the rule in respect to the duty of the court to give every reasonable intendment in support of the sufficiency of a pleading when a general demurrer is directed against the same. Doubtless, the trial court followed this rule in the conclusion reached, because, from a careful examination of the pleadings before us and bearing in mind such rule, we do not see how the court could have reached any other conclusion. The cases cited in appellant's brief, as to maintaining a suit of

this character, reveal that they relate to the general principle of partnership accounting, and are not based upon a definite agreement in the contract itself providing for the accounting, as in the instant case, and definitely pleaded by appellant, which binds all parties thereto as they at the time of its execution intended.

In this state of the record, admitting as true all allegations of fact set forth in appellant's pleadings, and giving proper allowance to the pure conclusion of law set forth as to his claim of conversion, it is our opinion, and we hold, that the trial court correctly sustained appellees' general demurrer. The general question of accounting as between partners, before suit can be maintained for an interest in partnership assets, is not of great importance here, because, under the express terms of the contract between the parties, fully alleged by and binding upon appellant, he is not, as a matter of law, entitled to an accounting under his own pleadings. Among numerous cases sustaining this conclusion, we cite the following: 33 Tex. Jur. § 29, p. 444; Wichita County Water Imp. Dist. v. Curlee, 120 Tex. 103, 35 S.W. (2d) 671; Heatley v. W. P. Ponder & Sons (Tex. Civ.App.) 40 S.W. (2d) 951; Thompson v. Schwan (Tex.Civ.App.) 85 S.W. (2d) 945; Fleming v. Todd (Tex.Civ.App.) 42 S.W. (2d) 123; Mulkey v. Allen (Tex.Com.App.) 36 S.W. (2d) 198; Nairn v. Bean, 121 Tex. 355, 48 S.W. (2d) 584.

█ Appellant takes the position that appellees breached the contract of partnership on January 31, 1933, and "converted" the share or interest of appellant in the assets of the firm, and for that reason the provisions of the partnership agreement as to accounting are not binding upon him. We find no allegations by appellant, independent of his contentions under the contract upon which he stands, and under which he claims an interest in the partnership assets and profits, to substantiate such position. Apparently, appellees are only following the provisions set forth in the contract as to collecting the outstanding accounts, which appellant admits, and in fact pleads, are good and collectible, before they close up their affairs with appellant in respect to the partnership accounts.

It is a well-settled rule that one who is rightfully in possession of property, though the legal title thereto may be in another, is not guilty of conversion. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner. We fail to see, in the face of the definite written agreement between the parties, admitted and pleaded by appellant herein, providing for the management and handling of the property, the moneys, and assets of the firm by appellee, Howell, until the accounts are all collected, or until it reasonably appears no more can be collected, that there is any character of conversion shown in the instant case. Lingo Lumber Co. v. Harris (Tex.Civ.App.) 11 S.W. (2d) 589; Compton v. Farrington (Tex.Civ.App.) 16 S.W. (2d) 345; Texas Cotton Co-op. Ass'n. v. Felton (Tex.Civ. App.) 52 S.W. (2d) 1105; Gulf, C. & S. F. Ry. Co. v. Buckholts State Bank (Tex. Com.App.) 270 S.W. 1008; Greasy Creek Coal & Land Co. v. Greasy Creek Coal Co., 225 Ky. 77, 7 S.W. (2d) 853.

We do not hold, of course, that, under other facts or circumstances properly pleaded, one partner may disregard the rights of another or others, and that no relief may be had in the courts. It is clear to us, however, that, under the pleadings and contract before us in this record, the trial court properly sustained appellees' general demurrer.

Finding no error in the trial hereof, it is our opinion that the judgment of the trial court should be in all things affirmed, and it is so ordered.

Affirmed.