## BOYD v. MARTIN et al.
### No. 4925.

Court of Civil Appeals of Texas. Amarillo.
Sept. 19, 1938.

Vickers & Campbell and John Vickers, all of Lubbock, for appellant.

Wm. H. Evans, of Lubbock, for appellee Sherrod Brothers Hardware Co.

STOKES, Justice.

This suit was filed by appellees, David S. Martin and his wife, against appellant, J. W. Boyd, and B. Sherrod and Paul Sherrod, the latter two doing business as partners under the firm name of Sherrod Brothers Hardware Company. The record reveals that during the year 1935 one Howard Medlock owned and operated a café at Lubbock. During that year he purchased from the Hardware Company an electric icing unit, paying a small amount as a cash payment and executing a note for the balance, payable in monthly installments of $9.79 each, to secure the payment of which a chattel mortgage was executed in favor of the Hardware Company. The chattel mortgage was never filed nor registered in the office of the county clerk of Lubbock County.

On or about the 26th of April, 1936, Medlock, being in financial difficulties, arranged with appellee Martin to furnish $425 with which to discharge some of his outstanding indebtedness, which Martin agreed to do, with the understanding that Medlock would execute a note payable to Mrs. Martin for the amount and secure the same by a chattel mortgage on all of the café equipment. The note and chattel mortgage were executed as agreed and, according to the agreement and understanding between them, appellee Martin thereby acquired a half interest in the café, it being understood that the note, payable to his wife, would first be paid from the earnings of the café, after which Martin and Medlock would each continue to own a half interest therein. The chattel mortgage covered the icing unit upon which the Hardware Company held a lien and Martin immediately filed it for registration in the office of the county clerk.

It seems that the business was not prosperous and the new partnership operated it only for about a month when it was closed, Martin retaining the key to the premises.

During a portion of the time Medlock operated the café and all of the time it was operated by the partnership, meat and provisions were purchased from appellant Boyd, who was engaged in the retail grocery and meat business at Lubbock and an account of some $60 was incurred, which was due and unpaid when the partnership closed the café. Accounts with other parties were also incurred, some of whom, it seems, obtained liens of some sort against the property composing the café and these accounts and liens were purchased by appellant so that his claim against the partnership aggregated $185 at the time or soon after the business was discontinued. Appellant and Martin entered into negotiations by which appellant agreed that he would, if possible, procure some one to re-establish the business and operate it with a view of placing it upon a paying basis in order to discharge the indebtedness due them. Martin thereupon delivered to appellant the key to the premises and, being unable to procure satisfactory tenants, appellant, himself, opened up the premises and proceeded to operate the café for several months, when appellee Martin filed a suit in the county court against Medlock, appellant and one Kinard, seeking judgment upon his note and foreclosure of his lien on the café equipment. It will be noted the Sherrods were not made parties defendant in that suit.

On the 18th of December, 1936, appellee procured a judgment against Medlock for $445, with foreclosure of his chattel mortgage lien. In due time, he procured the issuance of an order of sale, placed it in the hands of the deputy constable who levied upon and sold all of the property except the icing unit which, the record in this case shows, was not found on the premises. It thereupon developed that when appellant Boyd took possession of the café, he agreed with the Hardware Company to pay them in monthly installments a reduced amount in discharge of their indebtedness against Medlock for the icing unit, and after paying a few monthly installments, he decided the business was not sufficiently remunerative to enable him to continue. He accordingly notified the Hardware Company who, with his con-

sent, went to the café and repossessed the icing unit.

In executing the order of sale the deputy constable sold the balance of the café equipment, $185 of the proceeds of which, in obedience to the decree of foreclosure, was paid to appellant, Boyd, in discharge of the obligation and liens held by him.

Appellee Martin and his wife filed this suit on May 5, 1937, against appellant Boyd and B. Sherrod and Paul Sherrod, composing the partnership known as Sherrod Brothers Hardware Company, for conversion of the icing unit, alleging the facts in relation to his note and chattel mortgage lien and the judgment of foreclosure substantially as above detailed and alleging the value of the icing unit to be $200. He prayed for judgment in that amount, together with interest, costs of suit and general relief.

In answer to the petition appellant filed and urged a general demurrer which was, by the court, overruled and that action of the court is made the basis of his fifth assignment of error.

The case was tried before a jury and upon motion of the Sherrods, the court instructed a verdict in their favor, of which action of the court no complaint is made in this appeal.

Appellee does not claim that he was the owner of the icing unit but sought judgment for its conversion upon the ground only that appellant and the Hardware Company had converted it to their own use and thereby deprived him of his asserted right to subject it to sale under the order of sale issued upon the judgment which he procured in his former suit against Medlock. No allegation is made of the amount of money paid to appellee as proceeds of the sale of the café equipment which was sold by the deputy constable, nor is the court informed in any pleading of the amount appellee realized from the execution of that judgment. As far as his petition is concerned, he may have realized its full amount in which event he would not be entitled to recover anything in this case because he would not have been damaged even though the icing unit had been converted by the defendants in the manner alleged by him. It has long been the rule that, in a case of this kind, it is not sufficient merely to allege a conversion; the plaintiff must go further and, by specific allegations,

set out the amount of his damages. Wende v. Goza, Tex.Civ.App., 25 S.W.2d 184; Hanaway v. Wiseman, 39 Tex.Civ.App. 642, 88 S.W. 437; Mississippi Mills et al. v. Meyer et al., 83 Tex. 433, 18 S.W. 748; Scaling v. First National Bank, 39 Tex.Civ.App. 154, 87 S.W. 715.

In view of what we have said and the holdings in the cited cases, it follows that appellant's fifth assignment of error must be sustained.

By other assignments of error appellant contends that his motion for an instructed verdict should have been sustained and the jury instructed to return a verdict in his favor. He urges, therefore, that the judgment should not only be reversed, but here rendered. We think it may well be questioned whether or not the facts alleged and proven could be construed to constitute a conversion. The evidence shows and the jury found that, before the Hardware Company repossessed the icing unit, appellee agreed to pay the debt held by the Hardware Company. If so, the debt became his obligation, as well as that of appellant, who had likewise agreed to pay it. Under the provisions of their chattel mortgage, the Hardware Company had the right to repossess it upon default in the payment of its note. The evidence shows that none of those who attempted to operate the café were able to make a success of it and it is fairly deducible from the evidence that, in consenting to its repossession by the Hardware Company, Boyd was actuated only by a desire to relieve himself of further efforts to discharge the indebtedness owing by him and appellee. Conversion consists in the unlawful and wrongful exercise of dominion, ownership or control by one person over the property of another to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time. It may be effected by taking actual possession and exercising control over the property of another in such manner as to preclude the owner from the exercise of such rights. Unless these elements exist, there is no conversion. France v. Gibson, Tex.Civ.App., 101 S.W. 536; Copeland v. Porter, Tex.Civ.App., 169 S.W. 915; Compton v. Farrington, Tex. Civ.App., 16 S.W.2d 345; Texas Cotton Co-op. Ass'n v. Felton, Tex.Civ.App., 52 S.W.2d 1105; Frankfurt v. Grayson, Tex. Civ.App., 80 S.W.2d 486; Betty v. Tuer, Tex.Civ.App., 292 S.W. 271.

We have made these observations only in view of another trial. The record before us is not of that nature which would warrant us in forming such conclusions as would be necessary before we could say the trial court erred in overruling appellant's motion for an instructed verdict. These matters will probably be more clearly established upon another trial.

The judgment of the trial court as to B. Sherrod and Paul Sherrod, composing the partnership of Sherrod Brothers Hardware Company, is affirmed; but as between appellant, Boyd, and appellees, Martin and wife, it is reversed and the cause remanded to the trial court.