

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 2, 1976

The Honorable A. R. Schwartz
Chairman
Jurisprudence Committee
State Senate
Austin, Texas   78701

Opinion No. H- 890

Re:  Validity of agreement
between Texas State Board
of Plumbing Examiners and
Texas State Board of
Landscape Architects.

Dear Senator Schwartz:

You have requested our opinion regarding the validity
of an apparent agreement between the Texas State Board of
Plumbing Examiners and the Texas State Board of Landscape
Architects, whereby the two boards agreed not to require
that landscape architects and irrigators making connections
to public water supplies be licensed as plumbers, or that
master plumbers installing sprinkler systems be licensed as
landscape irrigators.  You attached to your request documents
promulgated by the Board of Plumbing Examiners and the Board
of Landscape Architects.  The Board of Plumbing Examiners'
unsigned document, dated March 17, 1975, states:

> The Board of Plumbing Examiners will not
> attempt to require that landscape architects
> and irrigators making connections to public
> water supplies have a Plumber's license.
> The Board of Landscape Irrigators [sic], in
> return, will not attempt to require that
> licensed Master plumbers who, incidental to
> their regular business of plumbing, install
> a sprinkler system or irrigation system have
> an Irrigator's license.

The Board of Landscape Architects, in a February 24, 1975
letter to the Board of Plumbing Examiners, declared:

p. 3747

> The Texas State Board of Landscape Architects
> has adopted the following position with
> regard to a Master Plumber installing land-
> scape irrigation systems:

> > Anyone who represents himself as a
> > Landscape Irrigator and is actively
> > engaged in the landscape irrigation
> > industry, is required to have the
> > Landscape Irrigator license.  If,
> > however, a Master Plumber is asked
> > to install a sprinkler system, and
> > he is not actively in the landscape
> > irrigation business and does not
> > hold himself out to be a Landscape
> > Irrigator, or advertise as such,
> > then he is not required to have the
> > Landscape Irrigator license.

We have previously determined that the Board of Landscape
Architects may not authorize its licensees to perform plumbing
acts without a plumbing license.  Attorney General Opinion
H-495 (1975).  The Board of Landscape Architects sought in
that case to extend its jurisdiction beyond that conferred
by statute.  In the present situation, the Board of Landscape
Architects and Board of Plumbing Examiners seek to enter into
a reciprocal agreement that each Board will limit the scope
of its jurisdiction by exempting certain unlicensed persons
(i.e. the other Board's licensees) from the statutory require-
ment of licensing.  This abrogation of licensing authority is
impermissible.

> It is well settled that no governmental
> agency can, by contract or otherwise, suspend
> or surrender its functions, nor can it
> legally enter into any contract which will
> embarrass or control its legislative powers
> and duties or which amount to an abdication
> thereof.  Nairn v. Bean, 48 S.W.2d 584, 586
> (Tex. Sup. 1932).

See also Gay Investment Co. v. Texas Turnpike Authority, 510
S.W.2d 147 (Tex. Civ. App. -- Dallas 1974, writ ref'd n.r.e.).

Accordingly, it is our opinion that the two agencies were without authority to enter into the purported agreement. Any new exemptions to the two laws must be created by statutory amendment rather than by agency regulation. Whether particular actions constitute "plumbing" or "landscape irrigation" within the statutory meanings of those terms are questions of fact which depend on the circumstances of each case. See Attorney General Opinion H-495 (1975).

### S U M M A R Y

The purported agreement between the Texas State Board of Plumbing Examiners and Texas State Board of Landscape Architects is invalid insofar as it purports to exempt persons performing plumbing acts from the statutory requirement of licensing as a plumber and persons engaging in landscape irrigation from the statutory requirement of licensing as a landscape irrigator.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb