OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 22, 2001

The Honorable Bill Ratliff                          Opinion No. JC-0335
Lieutenant Governor
State of Texas                                      Re: Applicability of various state statutes to local
P.O. Box 12068                                      government corporations created under chapter
Austin, Texas 78711-2068                            431 of the Transportation Code   (RQ-0269-JC)

Dear Governor Ratliff:

You ask whether local government corporations created under Transportation Code chapter 431, subchapter D (Vernon 1999 & Supp. 2001), are subject to the following statutes: the Texas Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2001); the Texas Public Information Act, *id*. ch. 552; the Professional Services Procurement Act, *id*. §§ 2254.001-.006 (Vernon 2000); and the provisions of Government Code chapter 2251 requiring prompt payment by governmental entities, *id*. ch. 2251. You also ask whether local governmental entities are authorized to fund the operations of a local government corporation for any and all purposes.

We conclude in answer to your questions that local government corporations created under Transportation Code chapter 431, subchapter D, are subject to the Open Meetings Act and the Public Information Act. They are not subject to the Professional Services Procurement Act or the provisions of chapter 2251 of the Government Code. The authority of local governmental entities to transfer funds to a local government corporation is subject to constitutional and other limitations. Any transfer of funds by local governmental entities to local government corporations must comply with the provisions of the Texas Constitution that require public funds to be used for public purposes and that prevent a city or county from making a gift of public funds to a public or private entity. Moreover, a local government corporation may use funds only to carry out the purposes stated in its articles of incorporation. A city or county may not, in connection with determining the purpose of a local government corporation, transfer control of its governmental functions to the corporation.

You ask us to determine whether four statutes that apply to state agencies and political subdivisions also apply to a "local government corporation." In the case of three of these statutes, the express language of Transportation Code, chapter 431, provides the answer to your question. The fourth statute, chapter 2251 of the Government Code, is much more difficult to address, because chapter 431, subchapter D, is silent as to it. We must determine whether a local government corporation is the kind of entity that is subject to chapter 2251 of the Government Code, and thus we must consider the combined public and private nature of local government corporations. Because such corporations have the powers and duties of both public and private entities, they are difficult

to categorize for purposes of deciding whether limitations applicable to governmental entities also apply to them. The courts have dealt with legal issues involving specific "quasi-governmental" corporations but their decisions do not provide a test for deciding when such corporations should be treated as public entities and when as private entities. *See Central Appraisal Dist. of Erath County v. Pecan Valley Facilities, Inc.,* 704 S.W.2d 86, 89 (Tex. App.–Eastland 1985, writ ref'd n.r.e.) (nonprofit corporation created solely to purchase land and lease it to a local mental health and mental retardation region was not a governmental entity or agency entitled to an exemption from ad valorem tax under article XI, section 9 of the Texas Constitution); *Transamerica Ins. Co. v. Housing Auth. of City of Victoria,* 669 S.W.2d 818 (Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.) (housing authority as a quasi-governmental entity was expressly required by statute to have performance bond). A review of the provisions governing local government corporations demonstrates their complex and ambiguous nature.

Local government corporations are nonprofit corporations created by a city or a county, "to aid and act on behalf of one or more local governments to accomplish any governmental purpose of those local governments." TEX. TRANSP. CODE ANN. § 431.101(a) (Vernon Supp. 2001); *see id.* § 431.003(3) (Vernon 1999) ("local government" means a municipality or a county); *see also id.* §§ 431.001, .006, .021 (authorizing creation of transportation corporations to expand and improve transportation facilities and systems). A local government corporation has broad statutory authority including the powers of a transportation corporation under chapter 431 of the Transportation Code and the powers of a nonprofit corporation incorporated under the Texas Non-Profit Corporation Act, to the extent that its provisions are not inconsistent with chapter 431 of the Transportation Code. *See id.* § 431.101(b), (c) (Vernon Supp. 2001); *see also id.* § 431.006 (Vernon 1999). Thus, a local government corporation may exercise powers in addition to the powers expressly stated in the Transportation Code provisions under which it was created.

Such corporations are also subject to control and supervision by the governmental entity that created them and they have duties and powers typical of a governmental entity. A local government corporation is created and dissolved in the same manner as a corporation under the Texas Housing Finance Corporations Act, TEX. LOC. GOV'T CODE ANN. ch. 394 (Vernon 1999 & Supp. 2001); *see* TEX. TRANSP. CODE ANN. § 431.102(a) (Vernon Supp. 2001); *see also* TEX. LOC. GOV'T CODE ANN. § 394.001 (Vernon 1999). Three residents of the local government must file a written application for incorporation with the governmental body. TEX. LOC. GOV'T CODE ANN. § 394.011(a) (Vernon 1999). The governmental body approves the corporation's articles of incorporation and appoints the corporation's directors. *See* TEX. TRANSP. CODE. ANN. § 431.101(a) (Vernon Supp. 2001); *see also* TEX. LOC. GOV'T CODE ANN. § 394.021(b) (Vernon 1999). It is a "governmental unit" as that term is used in Civil Practices and Remedies Code, chapter 101, and its operations are governmental, not proprietary, functions for purposes of chapter 101. *See* TEX. TRANSP. CODE ANN. § 431.108 (Vernon 1999). Thus, the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (Vernon 1997 & Supp. 2001), applies to such corporations. *See id.* § 101.021, .0215 (Vernon Supp. 2001).

Its property and transactions to acquire property are exempt from property tax in the same manner as a corporation created under the Texas Housing Finance Corporations Act, TEX. LOC.

GOV'T CODE ANN. ch. 394 (Vernon 1999 & Supp. 2001). *See* TEX. TRANSP. CODE ANN. § 431.102(b) (Vernon Supp. 2001). Thus, all property owned by a local government corporation is exempt from property taxes "as public property used for public purposes." TEX. LOC. GOV'T CODE ANN. § 394.905 (Vernon 1999); *see Harris County Appraisal Dist. v. Southeast Tex. Hous. Fin. Corp.*, 991 S.W.2d 18 (Tex. App.–Amarillo 1998, no writ) (subsidiary corporations created by housing finance corporation to hold and operate low income and elderly housing were entitled to tax exemption for that property). The local government that created a local government corporation "is entitled at any time to receive any income earned by the local government corporation that is not needed to pay the corporation's expenses or obligations." TEX. TRANSP. CODE ANN. § 431.107(a) (Vernon 1999). The governing body of a local government may assume the powers and duties of the local government corporation it created, but if it does so, it must also assume its assets and liabilities. *Id.* § 431.104.

Because of the difficulties of characterizing local government corporations and other nonprofit corporations established to assist governmental bodies as either public or private, opinions of this office usually address questions about them narrowly, focusing on the specific provision at issue. *See* Tex. Att'y Gen. Op. No. JC-206 (2000) (Transportation Code section 431.101(e) excepts a local government corporation from the competitive bidding provisions applicable to the county that created it). This is the approach we will apply to your questions.

We first consider whether local government corporations are subject to the Texas Open Meetings Act and the Texas Public Information Act. These statutes apply to local government corporations created under Transportation Code chapter 431, subchapter D (Vernon 1999 & Supp. 2001). Transportation Code section 431.003(2) provides that "'[c]orporation' means a corporation organized under this chapter and includes a local government corporation." TEX. TRANSP. CODE ANN. § 431.003(2) (Vernon 1999). Chapter 431 expressly provides that "[a] corporation is subject to Chapter 551, Government Code," the Texas Open Meetings Act. *Id.* § 431.004(a). In addition, "[t]he board is subject to Chapter 552, Government Code," the Texas Public Information Act. *Id.* § 431.005. "Board" means the board of directors of a corporation organized under chapter 431, thus including the board of a local government corporation. *See id.* § 431.003(1) (Vernon 1999); *see also id.* § 431.102(a)(2), (3) (Vernon Supp. 2001) (board of a local government corporation). The governing body of a local government corporation must comply with both the Open Meetings Act and the Public Information Act.

You ask whether Local Government Code section 394.904 exempts local government corporations from the Professional Services Procurement Act and Government Code chapter 2251. Section 431.101(e) of the Transportation Code states as follows: "Section 394.904(a), Local Government Code, applies to property and improvements owned by a local government corporation. Section 394.904(b) of the code applies to each contract awarded by the local government corporation." *Id.* § 431.101(e) (Vernon Supp. 2001).

Local Government Code section 394.904, a provision of the Texas Housing Finance Corporation Act, provides as follows:

> (a) The acquisition, construction, or rehabilitation of a private residential development or a home is not subject to requirements relating to public buildings, structures, grounds, works, or improvements imposed by the laws of this state, or to any other similar requirements.
>
> (b) Any competitive bidding requirement or restriction imposed on the procedure regarding the award of contracts for that acquisition, construction, or rehabilitation or regarding the lease, sale, or other disposition of property of the local government is not applicable to any action taken under this chapter.

TEX. LOC. GOV'T CODE ANN. § 394.904 (Vernon 1999).

Attorney General Opinion JC-0206 considered whether subsection 394.904(b), Local Government Code, excepted a local government corporation from the County Purchasing Act, *id.* ch. 262 (Vernon 1999 & Supp. 2001), which requires the county to comply with competitive bidding or competitive sealed proposal procedures for purchases under contracts requiring an expenditure in excess of $25,000. We held that the language of section 394.904(b), as incorporated into chapter 431, Transportation Code, excepted a local government corporation from the County Purchasing Act. *See* Tex. Att'y Gen. Op. No. JC-0206 (2000) at 4. Attorney General Opinion JC-206 noted that "the reference to section 394.904(b) in section 431.101(e) of the Transportation Code is perplexing," given the differences between housing finance corporations and local government corporations, in particular "the great difference in their breadth of purpose." *Id.* However, the opinion noted that under section 431.101(e), section 394.904(b) applied "to each contract awarded by the local government corporation," and it concluded that all contracts of a local government corporation were exempted from the competitive bidding provisions applicable to the local governmental body that created the corporation. *Id.*

In our opinion, section 394.904(b) of the Local Government Code also excepts contracts of a local government corporation from the Professional Services Procurement Act, TEX. GOV'T CODE ANN. §§ 2254.001-.006 (Vernon 2000). This Act states that "[a] governmental entity may not select a provider of professional services . . . on the basis of competitive bids" and sets out the procedures for choosing a provider. *Id.* § 2254.003. The Professional Services Procurement Act imposes a "restriction . . . on the procedure regarding the award of contracts for that acquisition, construction, or rehabilitation or regarding the lease, sale, or other disposition of property" by the local government corporation and therefore does not apply to the corporation. TEX. LOC. GOV'T CODE ANN. § 394.904 (Vernon 1999).

The next question is whether local government corporations must comply with Government Code chapter 2251, which establishes time limitations within which state agencies and political subdivisions must pay vendors for goods and services, and vendors who receive payment from such government entities must pay their subcontractors. *See* TEX. GOV'T CODE ANN. §§ 2251.021-.023 (Vernon 2000); Tex. Att'y Gen. Op. No. DM-88 (1992) at 1. For example, a payment by a governmental entity under contract is overdue on the 31st day after the later of the date the governmental entity receives the goods, the date the performance of the service under the contract is completed, or the date the governmental entity receives an invoice for the goods or services. TEX. GOV'T CODE ANN § 2251.021 (Vernon 2000); *see id.* § 2251.002(a) (exceptions). Its requirements apply to payments under construction contracts. *See* Tex. Att'y Gen. Op. No. DM-88 (1992) at 3.

We will first consider whether Local Government Code section 394.904 as incorporated by section 431.101(e) of the Transportation Code excepts local government corporations from chapter 2251 of the Government Code. Section 431.101(e) states that section 394.904(b) of the Local Government Code applies to each contract awarded by the local government corporation. As we have already seen in discussing the Professional Services Procurement Act, section 394.904(b) provides an exception for "[a]ny competitive bidding requirement or restriction imposed on the procedure regarding the award of contracts." TEX. LOC. GOV'T CODE ANN. § 394.904(b) (Vernon 1999). Chapter 2251 of the Government Code does not impose a restriction on the procedure for awarding contracts. It requires prompt payment under a contract for goods and services after the contract is awarded by a governmental entity. Accordingly, Local Government Code section 394.904 as incorporated by section 431.101(e) of the Transportation Code does not except local government corporations from chapter 2251 of the Government Code.

We must therefore determine whether a local development corporation is a "governmental entity" within chapter 2251, which defines a "[g]overnmental entity" as "a state agency or political subdivision." TEX. GOV'T CODE ANN. § 2251.001(2) (Vernon 2000). A "political subdivision" is a county, a municipality, a public school district, or a special-purpose district or authority. *Id.* § 2251.001(4). In answering this question, we rely on a provision of the Code Construction Act: "Words and phrases are to be read in context and construed according to the rules of grammar and common usage," unless they have acquired a technical meaning by legislation or otherwise. *Id.* § 311.011 (Vernon 1998). The legislature has not given "governmental entity" in Government Code chapter 2251 a technical meaning that would encompass a local government corporation established according to Transportation Code chapter 431, subchapter D. *Compare* TEX. GOV'T CODE ANN. § 2251.001(2), (4) (Vernon 2000) *with id.* §§ 791.025(a) (Vernon Supp. 2001) (for purposes of interlocal purchasing contract, local government includes a nonprofit corporation created to provide governmental services); 2253.001(1) (Vernon 2000) (for purposes of public work performance and payment bond statute, "governmental entity" means a governmental or quasi-governmental entity authorized to make a public work contract); 2256.002(7) (for purposes of Public Funds Investment Act, "local government" includes any nonprofit corporation acting on behalf of a municipality, county, school district, political subdivision, and similar public entities).

A local government corporation is not "a county" or "a municipality" within the common meaning of those terms. It is created differently from those political subdivisions and, more important, it does not possess governmental authority, but may only "aid and act on behalf of" a city or county to accomplish the city's or county's governmental purposes. A local government corporation could not legally possess the full powers of a city or county, according to the well-established rule that a local government may not transfer control of its governmental functions to another entity. *See generally, Nairn v. Bean*, 48 S.W.2d 584, 586 (Tex. Comm'n App. 1932, opinion adopted); *City of Arlington v. City of Fort Worth*, 844 S.W.2d 875, 878 (Tex. App.–Ft. Worth 1992, writ denied).

A local government corporation is not "a public school district," nor is it a "special district or authority" within the common meaning of those terms. In the Public Facility Corporation Act, the legislature defined "a special district" as

> (A)   a district created under Section 52, Article III, or Section 59, Article XVI, Texas Constitution;
>
> (B)   a hospital district or authority; or
>
> (C)   a junior college district authorized by Chapter 130, Education Code.

TEX. LOC. GOV'T CODE ANN. § 303.003(10) (Vernon 2000). A local government corporation is unlike any of the entities specifically listed in the above provision. We conclude that a local government corporation is not a special district or authority subject to chapter 2251 of the Government Code. Because a local government corporation is not a governmental entity within the meaning of chapter 2251 of the Government Code, it is not subject to the prompt payment requirements of that statute.

You finally ask whether local governmental entities have authority to fund the operations of a local government corporation for any and all purposes. We assume that you are referring to funds transferred under a contract between a political subdivision and the economic development corporation that it founded. *See* TEX. TRANSP. CODE ANN. § 431.103 (Vernon 1999) (local government corporation may contract with political subdivision of the state). Because your question is phrased in general terms, we cannot answer it definitively. We will address some of the legal issues raised by your question, but we will not discuss specific activities that a particular local development corporation might undertake on behalf of the entity that created it.

The Texas Constitution places limits on the power of a local government to transfer funds to any other entity. Article III, section 52 of the Texas Constitution provides that the legislature may not authorize any county, city, or other political corporation of the state "to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52; *see also id.* art. XI, § 3 (similar provision). These

provisions bar donations of funds from one governmental entity to another, as well as donations from governmental entities to private entities. *See Harris County Flood Control Dist. v. Mann*, 140 S.W.2d 1098 (Tex. 1940); *San Antonio Indep. Sch. Dist. v. Board of Trustees of San Antonio Elec. & Gas Sys.*, 204 S.W.2d 22 (Tex. Civ. App.–El Paso 1947, writ ref'd n.r.e.). A city's or county's transfer of funds to a local development corporation must serve a public purpose, and must be subject to adequate controls, contractual or otherwise, to ensure that the public purpose is accomplished. *See Key v. Commissioners Court*, 727 S.W.2d 667, 669 (Tex. App.–Texarkana 1987, no writ). Although a political subdivision may not make an unrestricted grant of funds to a private, nonprofit corporation, it may contract with it to provide services or accomplish a public purpose that the county is authorized to provide. For example, while a county may not donate funds to a private hospital, it may contract with it to provide medical care for its indigents and to assist in providing ambulance services in the county. *See* Tex. Att'y Gen. Op. No. JM-65 (1983) at 2; *see also* Tex. Att'y Gen. Op. No. H-127 (1973) at 4 (county may contract with private corporation to provide recreational facility for aged persons); LO-93-079 at 3 (county with authority to establish a "wildlife hotline" may contract with a private entity to operate hotline).

Transactions between a city or county and the local government corporation it created must be consistent with the purpose defined in the local government corporation's articles of incorporation. *See* TEX. REV. CIV. STAT. ANN. art. 1396-2.01A. (Vernon 1997) (purposes of nonprofit corporation shall be stated in articles of incorporation); TEX. LOC. GOV'T CODE ANN. § 394.014(a)(4) (Vernon 1999) (articles of incorporation state purpose of corporation). While section 431.101(a) of the Transportation Code authorizes a city or county to create a local government corporation to aid it in accomplishing "any governmental purpose," the purpose of a particular local government corporation must be stated in the articles of incorporation. Thus, a city or county may engage in transactions with a local development corporation only in connection with the purpose or purposes stated in the articles of incorporation.

Finally, in approving the purpose of the corporation, the local government may not surrender a governmental function to the corporation. Absent specific constitutional authorization, a city or county may not transfer control of its governmental functions to another entity. *See Arlington*, 844 S.W.2d at 878. "No governmental agency can, by contract or otherwise, suspend or surrender its functions, nor can it legally enter into any contract which will embarrass or control its legislative power and duties or will amount to an abdication thereof." *City of Corpus Christi v. Bayfront Assocs., Ltd.*, 814 S.W.2d 98, 107 (Tex. App.–Corpus Christi 1991, writ denied); *Guerra v. Rodriguez*, 239 S.W.2d 915 (Tex. Civ. App.–San Antonio 1951, no writ); *see Nairn*, 48 S.W.2d at 584, 586. Accordingly, the rules concerning delegation of legislative authority also limit the purposes for which a city or county may transact business with a local development corporation.

# S U M M A R Y

Local government corporations created under Transportation Code chapter 431, subchapter D, are subject to the Open Meetings Act and the Public Information Act. They are not subject to the Professional Services Procurement Act or chapter 2251 of the Government Code, which requires prompt payment of vendors by governmental entities.

The authority of local governmental entities to transfer funds to a local government corporation is subject to constitutional limitations. In creating a local government corporation to assist it or act on behalf of it, a city or county may not transfer control of its governmental functions to the corporation. Any transfer of funds by local governmental entities to local government corporations must comply with the provisions of the Texas Constitution that require public funds to be used for public purposes and that prevent a city or county from making a gift of public funds to a public or private entity.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee