## TEXAS MILK PRODUCTS CO. v. CITY OF MT. PLEASANT.

### No. 4392.

Court of Civil Appeals of Texas. Texarkana.

Dec. 2, 1932.

Rehearing Denied Dec. 15, 1932.

J. A. Ward, of Mt. Pleasant, for appellant.

Hiram G. Brown and Seb F. Caldwell, both of Mt. Pleasant, for appellee.

LEVY, J. (after stating the case as above).

The appellee urges that a temporary injunction should be denied, as was decided by the court, because it conclusively appears "from the facts of the case that appellant's sewage was seriously injuring its plant and would destroy its use altogether and cause the City to be guilty of creating a nuisance in contaminating and polluting the stream into which the sewage was being discharged." The appellant, on the other hand, contends in effect that it has shown a right to a preliminary injunction preventive of a disconnection from the sewer system during the pendency of the suit in which the rights to it are to be finally decided.

It is not at all doubted that the right of a municipality to regulate and control the use of its sewers legally exists as a necessary incident of their ownership. The simple question here is that of whether or not it is clear that the complainant plaintiff does not have the right that it claims to a temporary injunction for the particular purpose for which it is sought. The trial judge expressly found as a fact that "there is no damage or destruction of the physical properties of the sewer system from the sewage waste of the plaintiff." In substance, the finding means that there were not discharges from appellant's plant into the sewers of "any corrosive liquids or other spent acids" in quantities to be detrimental to the sanitary sewer system. In view of the finding so made, it may not be said in this case that there was shown a violation by appellant of the provisions of the sanitary code, as same was pleaded, requiring the need of immediate disconnection of appellant from the use of the sewer. There would be wanting in this respect any physical injury to the property rights or the property itself of the city in disturbance of the exercise of the legal right of the city of control and regulation or protection of the sewer system. And looking further into the evidence it may not properly be held, we conclude, that other very special circumstances so conclusively appear as may suffice to stop relief by temporary injunction against the act of disconnection from any use of the sewer system. Equity will not authorize a

disconnection on the ground that the sewer is overloaded and with hurtful and deleterious matter affecting its proper and sanitary use where the evidence is not without a probability that appellant may finally maintain his right of use as against that of the appellee. At least an open issue of fact arises from all the evidence. The following quotation is made from 32 C. J. § 2, p. 20, as illustrative of the extent of the present ruling in this case, viz.: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits and its sole object is to preserve the subject in controversy in its then existing condition, and without determining any question of right, until a full and deliberate investigation of the case is afforded by the party. This is so whether the injunction is prohibitory or mandatory. Distinguished characteristics of injunctions of this class are that they do not conclude the rights of the parties and that their issuance is not dependent on a hearing on the merits. But the court will interfere to preserve the property in status quo during the pendency of a suit in which the rights to it are to be decided; and that without expressing and often without having the means, of forming an opinion as to such rights."

The order of the district court is therefore reversed, and the cause will be remanded, with instructions to continue the preliminary injunction during the pendency of the suit.

BLALOCK, C. J., has entered his disqualifications, and did not sit in the determination of the appeal.