## CITY OF BEAUMONT V. CALDER PLACE CORPORATION.

No. A-212. Decided November 22, 1944.
Rehearing overruled December 20, 1944.
(183 S. W., 2d Series, 113.)

*W. A. Tatum* and *H. R. Clayton,* both of Beaumont, for petitioner.

On the proposition that the reservations in the contract are void. Hightower v. City of Tyler, 134 S. W. (2d) 404; Grogan v. City of Brownwood, 214 S. W. 532; City of Danville v. Forest Hill Dev. Corp., 165 Va. 425, 182 S. E. 548.

*Oliver J. Todd,* of Beaumont, for respondent.

The taking of plaintiff's sewers and water lines by the City of Beaumont cannot be justified under any provision of the police power. People v. Chicago, M. & St. P. Ry. Co., 306 Ill. 486, 138 N. E. 155; Spann v. City of Dallas, 111 Texas 350, 356, 235 S.

W. 513; Missouri, K. & T. Ry. Co. v. Rockwall County L. I. Dist., 297 S. W. 206, 211.

MR. JUDGE BREWSTER, of the Commission of Appeals, delivered the opinion for the Court.

This is an action in trespass to try title brought by Calder Place Corporation, respondent, against the City of Beaumont, petitioner. A trial court judgment for respondent was reformed and affirmed by the court of civil appeals. 180 S. W. (2d) 189.

The corporate purpose of respondent was "to erect or repair any building or improvement, and to purchase, sell and subdivide real property in * * cities and their suburbs not extending more than two miles beyond their limits * *, as authorized by Sub-division 47, of Article 1302, of the Revised Civil Statutes of Texas, 1925, together with such other and further powers as are conferred on corporations organized for the aforesaid purposes."

Respondent subdivided a tract of land lying outside but near petitioner's west boundary as a residential addition to the City of Beaumont to be known as Calder Place Addition. The instrument of dedication platting the tract into lots, blocks, streets and alleys was approved by petitioner and filed by respondent on September 19, 1929, for record.

Respondent improved the addition by constructing pavements and curbs and installing sewer mains, water lines and a sewage disposal plant with capacity to serve 500 homes. Petitioner furnished water through these lines to operate the water and sewage utilities in Calder Place and collected from its residents the usual and customary charge for that service. Respondent received no revenue from these operations, but it maintained the water and sewer lines and the disposal plant until April 4, 1939, when petitioner by ordinance extended its city limits to include Calder Place.

Prior to this annexation a number of homes had been erected in the addition and furnished water and sewage by respondent. In all deeds to buyers of lots respondent reserved for itself the right to place and maintain water and sewer mains on the rear ten feet of all lots and on the west five feet of two of them, as well as the title to the water and sewer lines serving the addition and the right to maintain, repair, sell or lease the same. Then appeared the provision, "Grantor reserves for itself the

control of all sewer, gas and water mains laid by it," * * until such time as Calder Place shall be taken into the City of Beaumont."

In its petition respondent asserted "a good and sufficient title of all the water pipes, fire plugs, storm sewers, and sanitary sewers with easements over along and across all the streets" of the addition, and alleged ouster therefrom by petitioner. It prayed judgment "establishing in it title to the sewerage disposal plant, together with easement for their maintenance, and for the title to all the private easements across the lots and blocks of said addition, with all water lines, sewer lines, and connections therein."

After a general denial and plea of not guilty, petitioner answered, among other things, that the reservations relied on by respondent were void as contrary to public policy.

The trial court found (1) that "the City of Beaumont has acquired on behalf of the residents of Calder Place Addition the right to supervise the sewer and water systems of said Addition; and * * is entitled to recover all of the same on behalf of said residents for the purpose of providing water and sewerage for the said residents of Calder Place Addition"; and (2) that "the water mains, the private sewer system and sanitary sewer system have capacity over and above what is necessary to serve all the homes in Calder Place Addition sufficient to furnish water and sewer connection to three hundred more homes outside said Addition, without adding to the capacity of the present sewer disposal plant; and that by constructing additional units of said sewerage disposal plant upon lands which the Plaintiff owns it could serve many more houses, and that Plaintiff now owns a right with which it has not parted title to the excess capacity of said water and sewer lines, and which it cannot be deprived under State and Federal Constitutions without just compensation; and that it has the right to make additional connections with said sewer and water systems either by itself or its assigns up to the maximum capacity of the water and sewer systems constructed by it in said Calder Place Addition."

It rendered judgment for petitioner for the title and possession of the water system, lines and sewers and all easements in the streets necessary to maintain the same, subject to the right of respondent "to have the use of said water lines, storm sewers, and sanitary sewer lines for the purpose of making connections to any additional houses outside Calder Place Ad-

dition for the purpose of furnishing water service and sewer service to the said additional houses not to exceed the amount of three hundred additional houses, unless other disposal units are provided by the defendant, in which event it shall have the right to the maximum capacity of said lines and said additional disposal unit or units; and it is decreed that the right of the Defendant shall be exclusive in it as to the houses now located in Calder Place Addition, or thereafter to be built therein, and shall be exclusive in the Plaintiff to make all additional connections up to the maximum of five hundred (500) connections for the present disposal plant, and whatever additional capacity is attained by the addition to the said sewerage disposal plant by the Plaintiff."

The court of civil appeals held that this last clause awarding respondent the right to use the properties for "whatever additional capacity is attained by the addition to the said sewerage disposal plant" by respondent is invalid because it gives respondent an indefinite right to enlarge the sewage disposal plant at will and to claim the right to make additional connections to the system beyond its capacity of 500, which, in the absence of any proof that the capacity of the system can be increased by any addition to the plant, might result in an interference with petitioner's right of management and control of the system. Otherwise, the trial court's judgment was affirmed.

The writ of error was granted on petitioner's points 1, 2 and 3, which attack the reservations of title by respondent in its deeds of the Calder Place lots as void because they are (1) against public policy, (2) repugnant to the grant, and (3) repugnant to the dedication.

Petitioner, as a home rule city, has "the exclusive right to own, erect, maintain and operate water works and water works system" for the use of itself and its inhabitants and "to do and perform whatsoever may be necessary to operate and maintain the said water works or water works system." Art. 1175, subdiv. 11, R. S. 1925. Apparently it was the view of the courts below that this power was in no way limited by giving respondent the right "to have the use of said water lines, storm sewers and sanitary sewer lines for the purpose of making connections to any additional houses outside Calder Place for the purpose of furnishing water service and sewer service to the said additional houses not to exceed the amount of three hundred additional houses."

The relevant facts of this case are analogous to those of Moser et al v. Greenland Hills Realty Co. (Civ. App.), 300 S. W., 177 (er. ref.). Greenland Hills Realty Company, chartered for the same purpose as respondent, platted a tract of land adjoining the City of Dallas into lots, blocks, streets and alleys and filed an instrument dedicating streets and alleys to the public use but reserving "to itself and its successors and assigns * * all water, storm sewer, sanitary sewer, and gas pipes and mains laid in all of said streets and alleys." By permission of the city the company connected its sewer main serving the addition with the main sewer line of the city. Shortly thereafter Moser et al, who owned Greenville Crest Addition lying just across the road from Greenland Hills Addition, got permission from the City of Dallas to connect their sewage system with the city system. Although it was disputed as to whether the parties had so agreed, it appears that Moser et al, connected their sewer main with that of Greenland Hills Realty Company across the road between the two additions, thus making a continuous connection through Greenland Hills Addition with the sewer system of the City of Dallas. When this connection was made Greenland Hills Realty Company had sold all lots in its addition that were served by this main. Both Greenland Hills and Greenville Crest Addition had been taken into the City of Dallas before the suit was filed. Greenland Hills Realty Co. alleged that since Moser et al had connected with its main without permission, thereby avoiding the necessity of laying a main across Greenland Hills Addition to connect with the city main, it was entitled to recover the reasonable value of the use of its sewer system so appropriated by Moser et al.

The opinion recognizes that Greenland Hills Realty Co. was authorized, as incident to its corporate purpose of subdividing and selling lots, to lay sewer mains and pipes and to connect with the mains as appurtenances belonging to the lots. But the court then holds that if, after this implied power has been exhausted, it should be said that by the reservation in the instrument of dedication Greenland Hills Realty Co. still retained ownership of the sewer system and could sell to whomsoever it pleased the privilege of *making connections from the outside,* then the reservation took from the City of Dallas the control and supervision of the system and materially interfered with the usual exercise of the police power of its officials.

It is true, as suggested by the court of civil appeals in the case at bar, that Moser v. Greenland Hills Realty Co., supra, was a suit for damages. And it is true that the issue of title to

the system was involved there, whereas it seems to be conceded here that such title vested in petitioner when Calder Place was added to the city. Nevertheless, the specific question in that case was the alleged right of Greenland Hills Realty Co. "to sell to whomsoever it pleased the privilege of *making connections from the outside*," and that is the precise question here. (Italics ours.) Therefore, on authority of that case, we hold that the reservations, when interpreted to give respondent the right "to have the use of said water lines, storm sewers, and sanitary sewer lines for the purpose of making connections to any additional houses outside Calder Place Addition for the purpose of furnishing water service and sewer service to the said additional houses not to exceed the amount of three hundred additional houses," or any other similar right, are void, because they have the potential effect to take from petitioner its full control and supervision of the system and to interfere materially with the usual exercise of its police power. Other supporting authorities are Jones v. Carter (Civ. App.), 101 S. W. 514 (er. ref.) ; West Texas Utilities Co. v. City of Spur, 38 Fed. (2d) 466; 14 Tex. Jur., p. 736, Sec. 40; McQuillin, Municipal Corporations, (2d Ed., 1943 Rev.), Vol. 4, Sec. 1670, p. 704.

As a home rule city, petitioner was created by the state as its agent to exercise powers of sovereignty within prescribed limits. The exclusive right to own, maintain and operate a water works system is one of those powers. Respondent could no more circumscribe the exercise of that power in the hands of the agent, by limitations of its own making, than it could if that power were still in the hands of the principal, the State of Texas. This the respondent must have known; otherwise in its deeds it would not have reserved for itself control of all sewer, gas and water mains "until such time as Calder Place shall be taken into the City of Beaumont." We sustain petitioner's first point.

Both judgments below are reversed and judgment is here rendered for petitioner.

Opinion adopted by the Supreme Court November 22, 1944.

Rehearing overruled December 20, 1944.