**FIDELITY LAND & TRUST CO. OF TEXAS, Trustee, Appellant,**

v.

**The CITY OF WEST UNIVERSITY PLACE, Appellee.**

No. 794.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 23, 1973.

Rehearing Denied June 13, 1973.

Larry W. Bass, William W. Wiggins, Jr., Childs, Fortenbach, Beck & Guyton, Houston, for appellant.

Charles F. Cockrell, Jr., William J. Merrill, Kelley, Ryan & Merrill, Houston, for appellee.

COULSON, Judge.

In 1942 West Securities Company, the predecessor in title of appellant, Fidelity Land & Trust Co. of Texas, Trustee, executed a deed by which an easement was granted to appellee, City of West University Place. The purpose of this easement

was to allow appellee to run a sewer line across appellant's property. This property was not within the boundaries of the city but rather adjoined it. A part of the stated consideration for granting the easement was that the

". . . grantor, its successors and assigns, shall at all times hereafter have the right and privilege of making connections, without charge, direct and/or through laterals, to the Sanitary Sewers of said City of West University Place, Texas, and if manholes be required for making such connections, the said City of West University Place, Texas, agrees to supply and install, at its cost and expense, all such manholes; and it being further agreed that grantor herein, its successors and assigns, shall be entitled to the same rights, privileges, and benefits in said Sanitary Sewers as persons owning property in said municipality, and will not be required to pay any greater rate of service charge than that assessed and charged by the said municipality to persons owning property in said city for such sanitary sewer service."

No request to exercise this privilege was made until 1968. Appellant alleged that when it did request a connection, its request was refused. Thereafter, appellant, at its own expense, constructed alternative sewer facilities, including a sanitary sewer lift station, a force line to connect the lift station to the sanitary sewer system of the City of Houston and then conveyed such system with easements to the City of Houston. Appellant brought suit for breach of contract, seeking to recover $231,556.00 as damages.

Appellee City of West University Place moved for summary judgment contending that the 1942 deed is void on its face because "(1) it is an unlawful attempt to delegate a governmental function, (2) exercise of rights by Plaintiff and its successors and assigns under the right-of-way deed would constitute an unlawful interference with the exercise by Defendant of its

discretion in determining how best to serve its inhabitants, (3) the said deed is so vague and indefinite as to time of performance, number of connections, types of buildings to be served, area to be served and other pertinent details that it is void and unenforceable, and exercise by Plaintiff of its claimed rights under said deed would prevent the Defendant, as a municipality, from controlling its affairs in the future in a way it might deem best. . . ." The trial court granted the summary judgment and appellant duly perfected its appeal from the trial court's action.

We affirm.

 In Texas the operation of a sanitary sewer system by a municipality involves the exercise of a governmental function. Gotcher v. City of Farmersville, 137 Tex. 12, 151 S.W.2d 565 (Tex.Sup. 1941). It is equally clear that "a city cannot by contract or otherwise surrender its governmental or legislative functions, nor can it legally enter into any contract which will embarrass or control its legislative powers and duties or which amount to an abdication of its governmental function or of its police power." Bowers v. City of Taylor, 16 S.W.2d 520, 521 (Tex.Comm'n Ap.p1929, holding approved), 24 S.W.2d 816 (on rehearing); City of Farmers Branch v. Hawnco, Inc., 435 S.W.2d 288 (Tex.Civ.App.–Dallas 1968, writ ref'd n.r. e.). However, appellant contends that this rule is not applicable in the instant case because of the existence of statutory authority for appellee to enter into the type of agreement set forth in the 1942 deed.

 Vernon's Tex.Rev.Civ.Stat.Ann. art. 1108, sec. 3 (1935) empowers any town or city in this state which has been or may be chartered or organized under the general laws of Texas, or by special act or charter, and which owns or operates waterworks, sewers, gas or electric lights:

"To extend the lines of such systems outside of the limits of such towns or cities and to sell water, sewer, gas, and

electric light and power privileges or service to any person or corporation outside of the limits of such towns or cities, or permit them to connect therewith under contract with such town or city under such terms and conditions as may appear to be for the best interest of such town or city; . . . "

Appellant argues that the construction placed on this statute by the Supreme Court in City of Big Spring v. Board of Control, 404 S.W.2d 810 (Tex.Sup.1966), eliminates the distinction between governmental and proprietary functions as affecting the validity of contracts entered into by manicipalities. We disagree. The Court noted specifically in the Big Spring case that the city, in supplying water to the Big Spring State Hospital, was exercising a business or proprietary function only.

In our view the statute is not sufficient authority to allow a city to enter into such an agreement as that set forth in the 1942 deed. The statute does authorize the city to permit, by contract, persons or corporations outside of the city limits to connect with the city's sewer system. However, we do not believe that it was within the contemplation of the Legislature that the city could bind iself in such a way as to effectively lose control over the operation of its sewer system. The purpose of the legislation was to provide the cities with authority to supply their services to non-residents and to extend the necessary lines outside municipal limits. City of Texarkana v. Wiggins, 151 Tex. 100, 246 S.W.2d 622 (1952). Such a purpose does not affect the distinctions which have long been made between governmental and proprietary functions. To uphold this agreement would be tantamount to allowing a private individual to inhibit the necessary exercise of discretion by the municipality over a governmental function. We hold that the agreement is not enforceable. Bowers v. City of Taylor, supra; Nairn v. Bean, 121 Tex. 355, 48 S.W.2d 584 (Tex.Comm'n App. 1932, opinion adopted); City of

Beaumont v. Calder Place Corporation, 143 Tex. 244, 183 S.W.2d 713 (1944).

 Appellant argues that appellee is estopped to assert the above related matters because it accepted the benefits of the agreement. Appellant is not in a position to argue estoppel before this Court. Counsel for both litigants stipulated on the motion for summary judgment that the questions of law presented in the motion were decisive of the case if the motion was granted. No mention of estoppel was made by either side. The question of estoppel has been waived.

The judgment of the trial court is affirmed.