CIBOLO CREEK MUNICIPAL
AUTHORITY, Appellant,

v.

CITY OF UNIVERSAL CITY,
Texas, Appellee.

No. 15947.

Court of Civil Appeals of Texas,
San Antonio.

June 21, 1978.

Rehearing Denied July 19, 1978.

Richard W. Harris, San Antonio, John L. Hill, Atty. Gen. of Texas (amicus curiae), David M. Kendall, Jr., Troy C. Webb, Douglas G. Caroom, Asst. Attys. Gen., Austin, Jose M. Uranga, Asst. Atty. Gen., San Antonio, for appellant.

Tom Joseph, John W. Davidson, Terry Topham, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellee.

KLINGEMAN, Justice.

Cibolo Creek Municipal Authority (Cibolo Creek) appeals from a judgment of the district court of Bexar County, (a) granting City of Universal City, Texas' (Universal City) motion for summary judgment and decreeing that an order passed and adopted by Cibolo Creek on September 9, 1975, imposing connection fees is invalid and unenforceable as being in violation of the contract between Universal City and Cibolo Creek, dated March 21, 1973, and (b) denying Cibolo Creek's motion for summary judgment.[1]

This action was instituted by Universal City against Cibolo Creek seeking a declaratory judgment as to whether Cibolo Creek has the right to charge connection fees to residents of Universal City for connection to the sewage disposal and treatment plant operated by Cibolo Creek, and to determine the validity of the connection fee order promulgated by Cibolo Creek on September 9, 1975, which establishes and assesses the connection fees. The State of Texas, acting by and through the Attorney General, filed a petition in intervention on behalf of the Texas Water Quality Board,[2] supporting the position of Cibolo Creek. Motions for summary judgment were filed by Universal City and by Cibolo Creek. The district court granted the motion for summary judgment of Universal City and denied the motion for summary judgment of Cibolo Creek.

Cibolo Creek asserts three points of error: (1) the trial court erred in holding that Cibolo Creek cannot enforce its retail connection fee order within the boundaries of the City of Universal City; (2) the trial court erred in granting the motion for summary judgment of Universal City; and (3) the trial court erred in denying the motion for summary judgment of Cibolo Creek.

Cibolo Creek is a conservation and reclamation district created under and pursuant to Article XVI § 59, of the Constitution of the State of Texas. The authority was created by special act of the Legislature. Tex.Laws 1971, ch. 347, at 1312, *amended* Tex.Laws 1977, ch. 44, at 87. Cibolo Creek is a governmental entity and a political subdivision of the State of Texas.

Universal City is a home rule city, having adopted a home rule charter under the provisions of Tex.Const. art. XI, § 5.

This case presents two basic questions: (1) Does Cibolo Creek have the statutory authority to pass an order imposing a connection fee upon the users of the regional sewage system, even though such users reside in Universal City? (2) Does the contract between Cibolo Creek and Universal City prohibit Cibolo Creek from collecting a connection fee within the corporate limits of Universal City?

In 1967, the Texas Legislature passed the Water Quality Act. This Act is now codified as Subchapter D, Chapter 21, Texas Water Code. This Act includes a legislative mandate and declaration that it was necessary to the health, safety and welfare of the people of the State to encourage and promote the development and use of area-wide waste collection, treatment and disposal systems. The legislative purpose was to designate a certain geographical region as an area for sewage treatment and to designate one particular entity to serve the needs of such region.

By order issued March 15, 1972, the Texas Water Quality Board appointed Cibolo Creek Municipal Authority as the entity to serve the Cibolo Creek watershed. Such order provides in part: that a regional system is necessary and desirable to protect the waters of this portion of Cibolo Creek; that Cibolo Creek Municipal Authority make provision for doing all things required to furnish regional sewage service for this area; that Cibolo Creek Municipal Authori-

---

1. The judgment severed and redocketed a cause of action for a mandamus filed by Cibolo Creek.

2. Texas Water Quality Board is now known as the Texas Department of Water Resources.

ty should refrain from entering any contractual obligation which would limit its ability to provide regional service; and that Cibolo Creek Municipal Authority shall design and construct and be the operating agency in such area.

The Texas Water Code, Sec. 21.201(a) states:

(a) The legislature finds and declares that it is necessary to the health, safety, and welfare of the people of this state to implement the state policy to encourage and promote the development and use of regional and area-wide waste collection, treatment, and disposal systems to serve the waste disposal needs of the citizens of the state and to prevent pollution and maintain and enhance the quality of the water in the state.

The Act creating the Cibolo Creek Municipal Authority provides in part as follows:

Sec. 5. The district is hereby vested with, and shall have and exercise, all of the rights, powers, privileges, authority and functions conferred by the general laws of this state applicable to a river authority pursuant to Chapter 25, Title 2, Water Code, and to municipal utility districts, including without limitation those conferred by Chapter 54, Title 4, Water Code, but if any provision of such general laws shall be in conflict or inconsistent with the provisions of this Act, the provisions of this Act shall prevail. All such general laws applicable to municipal utility districts not in conflict or inconsistent with the provisions of this Act are hereby adopted and incorporated by reference with the same effect as if copied in full in this Act. Tex.Laws 1971, ch. 347, at 1320–21.

The initial function of Cibolo Creek Municipal Authority was to take over and operate the existing sewage treatment facilities of the Cities of Universal City and Schertz. The Texas Water Quality Board later enlarged the area so as to include the City of Cibolo and other defined areas, and such order also provided that the Authority (Cibolo Creek) shall also provide domestic and municipal waste collection, treatment, and disposal services to any legal entity requiring such services within the defined area.

Cibolo Creek is the local governmental authority designated as the entity to operate and maintain the regional system and as such is authorized to establish and collect such charges and assessments as may be authorized by the Texas Water Code. Sec. 21.356, Texas Water Code, specifically authorizes water districts and authorities to establish certain charges and assessments for disposal of waste, and specifically authorizes these districts and authorities to establish and assess connection charges by providing in part as follows: "The charges and assessments may include user charges, connection fees, or any other methods of obtaining revenue from the disposal system available to the local government."

■ The connection fee authorized by the connection fee order passed and adopted by the Authority is a charge made directly to the residents of Cibolo Creek Municipal Authority and is not a charge imposed upon the City of Universal City. Cibolo Creek Municipal Authority is a governmental entity with defined boundaries, a portion of which overlaps the corporate boundaries of City of Universal City. The Authority can make a valid charge to residents of the Authority without conflicting with the governmental powers of the city. The fact that residents of the Authority may also be residents of the city does not change the nature of the charge and make it a charge imposed upon the city.

■ The trial court, in the judgment here under attack, decreed that the order passed by Cibolo Creek imposing connection fees is invalid and unenforceable as being in violation of the contract between Universal City and Cibolo Creek. We disagree with the court's holding for a number of reasons: (1) The contract does not prohibit the Authority from charging a connection fee; (2) The Texas Water Code specifically authorizes regional authorities to charge connection fees, and this right cannot be denied by implication; (3) The order of the Texas

Water Quality Board designating Cibolo Creek Municipal Authority as the regional entity, prohibits the Authority from permitting a covenant or restriction to be placed in any of its contracts which would inhibit the Authority from providing service throughout the region; and (4) A political subdivision of the State cannot contract away its governmental powers in the absence of specific statutory authorization.

The contract between Cibolo Creek and Universal City is an intergovernmental-agreement, authorized under the Texas Water Code, whereby Cibolo Creek would take over and operate the sewage plant then owned by Universal City. One of the purposes of such contract was to provide protection for the holders of outstanding bonds of the city, and to insure that such bonds would be paid. Another purpose was to provide adequate funds so that Cibolo Creek, the designated Authority, could operate and maintain the regional sewage system as provided in the Texas Water Code. The contract provides certain types of payments to be made by the City. However, there was no attempt made in the contract to limit the Authority from making charges for connection fees or other rates and charges authorized by statute. The contract does not contemplate that all of the rights and responsibilities of the Authority or the city will be governed by this contract. The contract does not mention connection fees. Such charges are neither authorized nor prohibited by the contract. Cibolo Creek has not and cannot contract away its governmental powers to assess connection fees, if such are necessary to provide regional sewage treatment.

■ The operation and maintenance of a sewage system is a governmental function. *Gotcher v. City of Farmersville,* 137 Tex. 12, 151 S.W.2d 565 (1941); *Fidelity Land & Trust Co. v. City of West University Place,* 496 S.W.2d 116 (Tex.Civ.App.—[14th Dist.] Houston 1973, writ ref'd, n. r. e.); *Pontarelli Trust v. City of McAllen,* 465 S.W.2d 804 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Steele v. City of El Paso,* 417 S.W.2d 923 (Tex.Civ.App.—El Paso 1967, writ ref'd, n. r. e.).

■ A municipal entity cannot by contract or otherwise surrender its governmental or legislative functions, nor can it legally enter into any contract which will embarrass or control its legislative powers and duties, or which amounts to an abdication of its governmental function or of its police power. *Bowers v. City of Taylor,* 16 S.W.2d 520 (Tex.Comm'n App.1929, holding approved); *Fidelity Land & Trust Co. v. City of West University Place, supra;* *City of Farmers Branch v. Hawnco, Inc.,* 435 S.W.2d 288 (Tex.Civ.App.—Dallas 1968, writ ref'd, n. r. e.).

Cibolo Creek relies heavily on *Clear Lake City Water Authority v. Clear Lake Utilities Company,* 549 S.W.2d 385 (Tex.1977). The Supreme Court, after discussing the contract between the parties, held that the Authority, being a governmental entity, could not by contract or otherwise bind itself in such a way as to restrict its free exercise of governmental powers, stating:

> Authority is a conservation and reclamation district created pursuant to Article 8280–280, Tex.Rev.Civ.Stat.Ann. (Cum.Supp.1965) as authorized by Art. XVI, § 59 of the Texas Constitution. As such, it constitutes a political subdivision of the State and operates as a governmental agency performing governmental functions. [citations omitted]. Among the powers expressly granted Authority under § 7 of Article 8280–280 is the power to 'purchase and construct . . . or otherwise acquire and accomplish by any and all practical means, waterworks systems [and] sanitary sewer systems . . . and to operate and maintain same, and to sell water or other services, and to fix rates therefor . . . .' * * Authority could not, by contract or otherwise, bind itself in such a way as to restrict its free exercise of these governmental powers, nor could it abdicate its governmental functions, even for a 'reasonable time.'

Universal City relies heavily on *Lower Colorado River Authority v. City of San Marcos,* 523 S.W.2d 641 (Tex.1975). In this

case, the City of San Marcos, a home rule city, had granted a franchise to Texas Power and Light Company, a private utility, for furnishing of electricity. The operation of this electrical distribution system was later taken over by Lower Colorado River Authority, a conservation and reclamation district. The city sought a declaratory judgment that it had the power to regulate L.C.R.A. charges for the sale of electricity within the boundary of the city. The Supreme Court agreed with the city's contention, and after discussing the Act creating the L.C.R.A. held that the grant of authority to L.C.R.A. to fix and determine its own rates for charges of electricity, in no way limited the power of the city to regulate rates of utilities within its boundaries.

The factual situation in the *San Marcos* case, and in the case before us, is vastly different. The City of San Marcos does not lie within the boundary of the L.C.R.A. Moreover, L.C.R.A. has merely acquired the rights of a private utility company to operate within the city of San Marcos pursuant to a franchise. As such, it was acting in a proprietory function and was fulfilling a right it had acquired—the right to sell power—under a franchise. In so doing, it was not fulfilling a mandate of the Legislature. In the case before us, Cibolo Creek has been designated by the Water Quality Board as the sole permittee to treat sewage within certain designated areas. It is not operating pursuant to a franchise agreement with the City of Universal City. Cibolo Creek is fulfilling a specific governmental obligation placed upon it by the Texas Legislature and the Texas Water Quality Board.

In conclusion, the operation of a sanitary sewage system by a municipal corporation is a governmental function. Cibolo Creek is the entity charged by the Texas Legislature with the burden of operating and maintaining a regional sewage system in certain designated areas including the area of Universal City. The Texas Water Quality Act and the Act creating Cibolo Creek Municipal Authority grants such Authority various governmental rights and creates certain governmental duties. Such rights include the right and power to make charges and assessments to users of the sewage facility, which charges may include user charges, collection fees, or other methods of obtaining revenue. The contract between Universal City and Cibolo Creek does not prohibit the charging and collection of connection fees, and even if it did attempt to so do, such limitation would be void, as a municipal corporation cannot by contract surrender its governmental or legislative functions.

We have concluded that the trial court erred in holding that the order adopted by Cibolo Creek imposing connection fees here involved, is invalid and unenforceable as being in violation of the contract between Cibolo Creek and Universal City.

The judgment of the trial court is reversed and judgment here rendered (a) overruling Universal City's motion for summary judgment and denying all relief sought by Universal City; and (b) granting Cibolo Creek's motion for summary judgment and decreeing that the order adopted by Cibolo Creek imposing connection fees is a valid and enforceable order.