

# The Attorney General of Texas

October 26, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock. TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Randy M. Lee
Executive Director
Texas 1986 Sesquicentennial
    Commission
P. O. Box 1986
Austin, Texas    78757

Opinion No.   JM-220

Re:  Whether  a  county or city
may contribute funds to a local
sesquicentennial committee and
related questions

Dear Mr. Lee:

You ask several related questions regarding the status and
funding of local sesquicentennial committees. First, you ask whether
the local committees are "extensions" of the Texas 1986 Sesqui-
centennial Commission. You also raise a number of specific issues
relating directly to particular city and county contributions to local
committees.

With regard to your first question, we conclude that local
sesquicentennial committees are "extensions" of the local governing
entities which create them; they are not functional extensions of the
Texas 1986 Sesquicentennial Commission. Local governing entities
create their local sesquicentennial committees, appoint committee
members, and approve the committees' master plans prior to submission
of the plans to the state commission. Despite some state commission
influence, local committees act primarily as agents for the local
governing bodies which create them. See Attorney General Opinions
JM-71 (1983); MW-533 (1982).

The state commission has specific duties and powers with regard
to sesquicentennial activities on the local level, but it does not
create the local committees or dictate directly the extent of their
authority. Article 6145-11, section 7, indicates, in part, that the
commission shall

> (1) encourage individuals, private organiza-
> tions, and local governmental bodies to organize
> activities celebrating the state's sesquicenten-
> nial;

> (2) help individuals, private organizations,
> and local governmental bodies that organize

> sesquicentennial activities to coordinate the
> activities;
>
> . . . .
>
> (4) develop standards for sesquicentennial
> activities organized by individuals, private
> organizations, and local governmental bodies and
> sanction activities that comply with the
> standards. . . . (Emphasis added).

At the local level, the commission's function is to coordinate local activities with other local activities and with state activities. The commission's power over local governing entities is indirect, stemming from the benefit derived by local governing entities from the increased publicity and appeal that result from the commission's promotion of specific local activities. Thus, the authority to develop standards is merely a prerequisite to the commission's official sanction of local activities, rather than a statutory grant of direct control over the activities of local governing entities.

A local governing entity or its local committee is subject to commission control only when, and only to the extent, that the commission expends state funds, including donations accepted on behalf of the state, to encourage, coordinate, and sanction local activities as authorized by section 7 of article 6145-11. See Attorney General Opinions MW-533, MW-489 (1982). See also M-1148 (1972). Except in this limited context, local committees are controlled by the local governing entities which create them.

The status of local committees as "extensions" or agents of local governing entities is also relevant to your inquiry about restrictions on the source of contributions that may be accepted by local committees. Because your letter refers to a city or county "contribution" to its own committee, at the onset it is necessary to emphasize that when a local governing entity makes expenditures through its own agent -- its local committee - the action constitutes an expenditure by the local governing entity. It is not a "contribution" in the sense of a "donation" to the local committee.

Your other questions relate to the validity of certain contributions to, or expenditures by, cities and counties. Specifically, you inquire about their expenditures (1) for their own local sesquicentennial committees, (2) for their committees' projects directly, and (3) for joint committees formed with other local governing entities. We conclude that, subject to the following limitations, local governmental entities may expend funds in all three ways for sesquicentennial activities. You do not inquire about the

extent to which cities and counties may delegate this expenditure power to local sesquicentennial committees; therefore, we do not address the issue.  See Attorney General Opinion JM-71 (1983); see generally Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Fidelity Land & Trust Co. of Texas v. City of West University Place, 496 S.W.2d 116 (Tex. Civ. App. - Houston [14th Dist.] 1973, writ ref'd n.r.e.).

Limits on expenditures by local sesquicentennial committees depend upon the local governmental entities' authority to make certain expenditures.  Both grants of authority to make expenditures and limits on its exercise are relevant.  Counties and cities possess only the powers expressly or by necessary implication authorized by the Texas Constitution or statutes, or by local charters.  Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975) (home rule cities); Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948) (counties); City of West Lake Hills v. Westwood Legal Defense Fund, 598 S.W.2d 681 (Tex. Civ. App. - Waco 1980, no writ) (general law cities).  This rule applies to the power to make certain expenditures. See Attorney General Opinions JM-191 (1984); JM-65 (1983); H-1170 (1978).

No provision expressly authorizes local governmental entities to engage in local sesquicentennial activities.  Nevertheless, by providing that the commission shall encourage and sanction local sesquicentennial activities by local governmental bodies, article 6145-11, section 7, authorizes some local sesquicentennial activities by necessary implication.  Moreover, numerous more general statutes expressly authorize counties and cities to engage in local activities of this sort.  See, e.g., V.T.C.S. art. 6145.1 (county historical commission); V.T.C.S. art. 2372d-8 (certain counties authorized to make public improvements intended to attract tourists); art. 1269j-4.1 (cities authorized to make public improvements that would be frequented by tourists); V.T.C.S. art. 6081t (joint tourism-related projects); V.T.C.S. art. 1015c-1 (establishment, by counties and cities, singly or jointly, of recreational programs and facilities).

Accordingly, local governmental bodies are impliedly authorized to make reasonable expenditures for local sesquicentennial activities. Again, we emphasize that we do not address the extent to which cities and counties may delegate their sesquicentennial activity authority to local committees.  In many instances, the specific statutes cited may prevent delegation of certain powers.  See, e.g., Attorney General Opinion JM-71.  Therefore, the answers to your questions relating to particular contributions by city and county governments depend only upon limits on the exercise of this authority.

The Texas Constitution expressly prohibits the use by a political subdivision of its public funds or credit for private purposes. Tex. Const. art. III, §52; State v. City of Austin, 331 S.W.2d 737 (Tex.

1970); see also Tex. Const. art. XI, §3; art. XVI, §6.  No fixed rule delineates exactly what constitutes a public purpose.  Nevertheless, the statutes cited above, particularly article 6145-11 itself, invite the conclusion that both the tourism and historic preservation aspects of sesquicentennial activities serve a public purpose.  See, also, V.T.C.S. art. 6144f.

Nevertheless, expenditures for local sesquicentennial activities cannot benefit private individuals and entities in ways so out of proportion to the overall public benefit that they amount to a virtual donation.  Attorney General Opinion JM-65 (1983); see Attorney General Opinion JM-103 (1983).  An incidental benefit to a private person or entity is not prohibited.  Attorney General Opinion MW-423 (1982); see Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960).  When expenditures are made which involve private parties, however, particularly if the expenditures are made directly for private local sesquicentennial "projects," article III, section 52 of the Texas Constitution requires that conditions be attached to the expenditure to assure the use of public money for a public purpose.  See Attorney General Opinions JM-103 (1983); MW-423 (1982); MW-60 (1979).

Article III, section 52 usually relates to government donations to "private" in the sense of non-governmental entities as individuals; however, the provision also bars a political subdivision from gratuitously granting its funds to another political subdivision. Harris County Flood Control District v. Mann, 140 S.W.2d 1098 (Tex. 1940); San Antonio Independent School District v. Board of Trustees of San Antonio Electric and Gas System, 204 S.W.2d 22 (Tex. Civ. App. - El Paso 1947, writ ref'd n.r.e.); Attorney General Opinions JM-65 (1983); H-1170 (1978).  On the other hand, the provision does not prohibit a local governing body from contracting with another political subdivision, or even with a private entity, to accomplish certain of its legitimate purposes.  Attorney General Opinions JM-103, JM-65, JM-44 (1983); MW-60 (1979); H-1170, H-1123 (1978); H-413 (1974).

Joint county-city local actions of the kind required for local sesquicentennial activities are authorized through other, more general statutes.  See V.T.C.S. art. 4413(32c) (Interlocal Cooperation Act: section 3A indicates that celebration-exposition type activities fall within scope of act); see also, V.T.C.S. art. 6081e, §1 (parks, playgrounds, historic museums and sites); art. 6081t, §§2, 2a (recreational facilities); art. 2372d-9 (auditoriums); art. 2372d-5 (museums); art. 1269j-4.5 (civic center authorities); art. 1015c-1 (recreational programs and facilities); art. 969b (acquisition of property).  The specific requirements of these statutes would control any joint local sesquicentennial activities.  All that article III, section 52 requires in such cases is that each participating local governing body receive a benefit from the joint agreement which

provides a quid pro quo for its expenditures. Attorney General Opinions H-1170 (1978); H-413 (1974); see also Attorney General Opinion JM-191 (1984).

## S U M M A R Y

Local sesquicentennial committees are not "extensions" of the Texas 1986 Sesquicentennial Commission; they are the agents of, and are controlled by, the local governmental entities which create them. Subject to the limits imposed by article III, section 52 of the Texas Constitution, a local governing body may expend public funds for local sesquicentennial activities which serve a valid public purpose.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Nancy Sutton