**CITY OF FARMERS BRANCH, Texas, Appellant,**

v.

**CITY OF ADDISON, Texas, Appellee.**

**No. 05–83–01321–CV.**

Court of Appeals of Texas, Dallas.

March 27, 1985.

Rehearing Denied April 29, 1985.

John F. Boyle, Jr., Hutchison, Price, Boyle & Brooks, Dallas, for appellant.

H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

Before GUITTARD, C.J., and STEPHENS and CHADICK [1], JJ.

T.C. CHADICK, Justice (Retired).

This is a declaratory judgment case in which the trial court construed a contract between two municipal corporations and granted injunctive relief enforcing the contract so construed. The judgment of the trial court is reversed, and judgment is rendered declaring the contract unenforceable and denying injunctive relief.

On March 26, 1964, the City of Farmers Branch and the City of Addison entered into a contract by which Farmers Branch agreed to provide sanitary sewer service to a designated portion of the City of Addison. The contract obligated Farmers Branch to construct a trunk sanitary sewer line within a designated area inside its corporate limits. Addison was granted the right to connect its sanitary sewer lines to the trunk sewer line at such times and at such locations as it deemed necessary together with the right to use the public streets, highways and alleys of the City of Farmers Branch when implementing this contractual right.

The City of Farmers Branch is authorized by statute to operate a sanitary sewer system, *see* 40 Tex.Jur.2d *Municipal Corporations* § 478 (1976), and to contract to serve persons or corporations outside its corporate limits, TEX.REV.CIV.STAT. ANN. art. 1108(3) (Vernon 1963). The operation and maintenance of a sanitary sewer system by Farmers Branch is a governmental function as distinguished from a proprietary function. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992 (1949); *Pittman v. City of Amarillo*, 598 S.W.2d 941 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *see also Gotcher v. City of Farmersville*, 137 Tex. 12, 151 S.W.2d 565 (1941); 40 Tex.Jur.2d *Municipal Corporations* § 673 (1976). Furthermore, since Farmers Branch is invested by statute with the power and the authority to perform certain governmental functions, it is powerless to abdicate such a function. Moreover, a contract in derogation of the municipality's governmental function is unenforceable. *City of Beaumont v. Calder Place Corp.*, 143 Tex. 244, 183 S.W.2d 713 (1944); *Nairn v. Bean*, 121 Tex. 355, 48 S.W.2d 584 (1932); *Pittman*, 598 S.W.2d 941; *Bowers v. City of Taylor*, 16 S.W.2d 520 (Tex.Comm'n App.1929, opin-

---

1. The Honorable T.C. Chadick, Associate Justice, Supreme Court of Texas, Retired, sitting by assignment.

ion adopted). *See also Clear Lake City Water Authority v. Clear Lake Utilities,* 549 S.W.2d 385 (Tex.1977); *Fidelity Land & Trust Co. v. City of West University Place,* 496 S.W.2d 116 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n.r.e.).

 As noticed above, the contract grants Addison the right to connect to the Farmers Branch trunk sanitary sewer, when constructed, at such times and at such locations as the City of Addison deems necessary. The contract undertakes to grant Addison a right to exercise control as to the number, time, and place of its connections to the newly constructed sewer trunk line. In addition, the contract grants Addison the right to deposit an unlimited quantity of sewage from the designated area into Farmers Branch's sewerage. Clearly, the rights granted to Addison are in derogation of and in conflict with Farmers Branch's power, duty, and obligation to operate, regulate, and maintain its sanitary sewer system. Connection to Farmers Branch's sewer system is a privilege Farmers Branch may grant in the exercise of its police power, but to grant Addison the right and the privilege of making, presently and in the future, as many connections at as many locations as Addison deems necessary and to grant Addison the right and the privilege of depositing an unlimited amount of sewage into the system is a surrender of a consequential part of control and regulation of the system. Consequently, the contract to do so is not enforceable. *Clear Lake City Water Authority,* 549 S.W.2d 385; *Pittman,* 598 S.W.2d 941; *Texas Milk Products Co. v. City of Mt. Pleasant,* 55 S.W.2d 1101 (Tex. Civ.App.—Texarkana 1932, no writ); *see also* 64 C.J.S. *Municipal Corporations* §§ 1803, 1805 (1950); 40 Tex.Jur.2d *Municipal Corporations* § 481 (1976).

The City of Addison undertakes to sustain the contractual grants under the provisions of article 1108(3) as construed by the supreme court in *City of Big Spring v. Board of Control,* 404 S.W.2d 810 (Tex. 1966). We cannot agree with Addison. The *Big Spring* case is not controlling be-

cause it concerns a proprietary function of the municipality, sale of water, and not with a governmental function such as that considered here. The statute cited is not broad enough to have the effect Addison claims; its primary intent is to permit enlargement of the territory in which a municipality may operate a sanitary sewer system, etc. *City of Texarkana v. Wiggins,* 151 Tex. 100, 246 S.W.2d 622, 627 (1952). *See also Fidelity Land,* 496 S.W.2d 116 (holding that the delegation of authority made by article 1108(3) is not inconsistent with or a limitation on the governmental functions delegated to a municipality). Under *Fidelity Land* and *Clear Lake Water Authority,* although the statute authorizes a city to extend its sewer service outside its limits, it does not authorize contracts for sewer services that have the effect of potentially controlling or embarrassing the city in the exercise of its governmental powers.

Since we have concluded that the contract in question is unenforceable, we need not construe its other provisions. Accordingly, the judgment of the trial court is reversed, and judgment is rendered that the contract in question is unenforceable and that injunctive relief is denied.