

# THE ATTORNEY GENERAL
## OF TEXAS

September 30, 1988

JIM MATTOX
ATTORNEY GENERAL

Ms. Betty Strohacker                    Opinion No.  JM-961
President
Upper Guadalupe River                   Re:    Authority   of   the   Upper
   Authority                            Guadalupe   River   Authority    to
P. O. Box 1278                          compel septic tank users  within
Kerrville, Texas     78029              its service area  to connect  to
                                        a sewage gathering, transmission,
                                        and disposal facility  (RQ-1375)

Dear Ms. Strohacker:

You request an opinion concerning the authority of  the Upper Guadalupe River Authority to compel septic tank  users within the  boundaries  of the  authority to connect  to  a sewage gathering, transmission, and disposal system operated by the  authority, either  by  itself  or  pursuant  to  an agreement with some other  governmental entity permitted  to contract with  the authority  for the  operation of  such  a system.  You limit your questions to a sewage system  wholly within the service area of the authority, including:

(1)  locations within the  corporate limits  of  a  home rule city;

(2)  locations within the extraterritorial jurisdiction of a home rule city;

(3)  locations outside the corporate limits and  extraterritorial jurisdiction of a home rule city;

(4)  locations wholly within the corporate limits of  a general law city;

(5)  locations  within  the  boundaries  of  an  entity authorized  to  provide   sewage  collection  and   disposal services  pursuant  to  a Certificate  of  Convenience  and Necessity; and

(6)  locations not within the boundaries of any of  the entities described in (1)-(5).

We conclude  that the  authority has  no power,  either express or implied, to compel  septic tank users to  connect

to a sewage system operated by it, either on its own behalf or pursuant to an agreement with some other governmental entity, including both home rule and general law cities.

We also conclude that while home rule cities have the express power to compel property owners within the boundaries of the city to connect to sewage systems operated by them, they may not delegate that power to the authority.

The authority has the power to purify water before it returns to the groundwater table and hence to the river system. Thus, the authority may treat and dispose of sewage generated within its service area. Parker v. San Jacinto City Water Control and Improvement District No. 1, 273 S.W.2d 586 (Tex. 1954). However, the authority has no general police powers to protect the public health and general welfare that can be used to force septic tank users to abandon those systems in favor of a sewage system operated by it, nor any express power to do so. Powers may not be implied merely because they are convenient to the use of express powers. Tri-City Freshwater Supply District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 948 (Tex. 1940).

The authority has express authority under its enabling statute and Water Code provisions to operate a sewage disposal system. See Acts 1971, 62d Leg., ch. 430, § 1, at 1586; Water Code § 30.021 (regional waste disposal system); § 51.331 (water control and improvement district); § 54.030 (municipal utility district). However, the authority to operate a sewage disposal system does not include the implied authority to require all septic tanks to be connected with the system. Septic tanks are not parts of a sewer system. See, e.g., McWilliams v. Barnes, 242 P.2d 1063 (Kan. 1952); Lake Township, McComb County v. Millar, 241 N.W. 237, 239 (Mich. 1932). Chapter 26 of the Water Code, which pertains to water quality control, authorizes the Texas Water Commission to issue permits for the discharge of waste or pollutants into water in the state. Water Code § 26.027. The following definitions are applicable to chapter 26:

> (6) 'Waste' means sewage, industrial waste, municipal waste, recreational waste, agricultural waste, or other waste, as defined in this section.
>
> . . . .
>
> (14) 'Sewer system' means pipelines, conduits, storm sewers, canals, pumping stations, force mains, and all other

constructions, devices, and appurtenant appliances used to transport waste.

(15) 'Treatment facility' means any plant, disposal field, lagoon, incinerator, area devoted to sanitary landfills, or other facility installed for the purpose of treating, neutralizing, or stabilizing waste.

(16) 'Disposal system' means any system for disposing of waste, including sewer systems and treatment facilities.

Water Code § 26.001.

Section 26.031 of the Water Code defines "private sewage facilities" to mean

septic tanks, pit privies, cesspools, sewage holding tanks, injection wells used to dispose of sewage, chemical toilets, treatment tanks, and all other facilities, systems, and methods used for the disposal of sewage other than disposal systems operated under a permit issued by the commission. (Emphasis added.)

Water Code § 26.031. Thus, the chapter 26 definitions show that septic tanks are distinct from a sewer system and not part of one. The express power of the Upper Guadalupe River Authority to operate a sewer system does not include the authority to regulate septic tanks by requiring their connection with the system. See also Local Gov't Code § 214.013 (providing that home rule cities may operate sewage systems and require connections with a sewer system operated by the city); Water Code § 26.084(a)(1). (Water Commission may compel tie-in to regional or area-wide waste disposal system designated under section 26.083 of the Water Code.)

The authority has assumed the powers of a municipal utility district pursuant to section 54.030 of the Water Code, and therefore has the following statutory power:

A [MUD] may adopt and enforce reasonable rules and regulations to:

(1) secure and maintain safe, sanitary, and adequate plumbing installations, connections, and appurtenances as subsidiary parts of its sanitary sewer system . . . . (Emphasis added.)

Water Code § 54.205.   It is suggested  that the  underlined language authorizes a municipal utility district to  require septic tank users  to connect to  a sewage treatment  system operated  by  it.    Section  54.205  does  not  grant   such authority.  A septic tank is not a "subsidiary part" of  the sanitary sewer system because it operates <u>in its place</u>.

No other  provision  in  the  Water  Code  specifically permits municipal utility districts to force connections  by septic tank users to sewage disposal operated by it.  Nor do we think that such a power  can be implied from the  express powers granted to  the authority in  the code.   Ordinarily, forcing septic tank users to connect to a sewage system  can only be considered to be  convenient, and not necessary,  to the operation of a sewage system by a MUD.  <u>Tri-City Freshwater Supply District</u>, <u>supra</u>.

The legislature has,  moreover, recognized that  septic tanks in the appropriate circumstances are adequate means to preserve the  waters  subject  to the  jurisdiction  of  the district.   The 70th Legislature enacted a statute regulating the location, design, construction and operation of  on-site sewage disposal systems, including septic tanks.  Acts 1987, 70th Leg.,  ch.  406, § 1,  at  1932 (codified  at  4477-7e, V.T.C.S.);[1] <u>see</u> V.T.C.S. art. 4477-7e, § 2(7).  The  purpose clause includes the following legislative findings:

> (2)  on-site sewage disposal systems, when properly designed and constructed in suitable soils, provide a safe and adequate method  of sewage disposal; and

> (3)  in some areas of the state, the  soil is not suitable for normal underground sewage disposal  and  the  improper  and  unapproved construction  and  installation  of   on-site sewage disposal  in those  areas has  created conditions dangerous to the public health.

V.T.C.S. art. 4477-7e, § 1(b).

The Department  of Health  or its  authorized agent  is responsible for  adopting  rules  regulating  on-site  sewage

---

1.  Two other statutes adopted by the 70th  Legislature were also codified  as article 4477-7e,  V.T.C.S.  <u>See</u>  Acts 1987, 70th Leg., ch. 162, at 1327; Acts 1987, 70th Leg., ch. 810, at 2808.

disposal and issuing permits to build, alter, repair, extend or operate an on-site sewage disposal system. V.T.C.S. art. 4477-7e, §§ 4, 7.    A city, county, river authority, or special district may be designated an authorized agent by the department and may then exercise the regulatory powers set out in article 4477-7e, V.T.C.S.    To become an authorized agent, a local government must, among other statutory requirements, enter an order or resolution which meets the department's minimum requirements for on-site sewage disposal systems. Id. § 5(c).

Article 4477-7e, V.T.C.S., is directed at assisting "the state's citizens in obtaining safe and adequate on-site sewage disposal systems," not at prohibiting them. Id. § 1(a). The department or an authorized agent may refuse a permit to construct an on-site sewage disposal system if issuing it would conflict with the public policy declared under the statute or with other applicable laws, id. § 7(e)(2), but may not deny any and all permits or require all septic tanks to be connected to a sewage system. Moreover, no permit is required for an on-site sewage disposal system for a single residence on a land tract of 10 acres or larger, subject to meeting statutory conditions designed to protect the public health. Id. § 7(f). The authority may not rely on article 4477-7e, V.T.C.S., to require septic tanks to be connected to its sewage disposal system. The statute also expresses the legislature's intent to allow properly designed and constructed septic tanks and other on-site sewage disposal systems to exist, id. § 1(b)(2), and its recognition that in some areas of the state the soil is not suitable for normal underground sewage disposal. Id. § 1(b)(3). The legislature's findings and expression of intent in article 4477-7e and its adoption of comprehensive regulations applicable to septic tanks lend additional support to our conclusion that the authority may not rely on implied authority to regulate septic tanks requiring connections with their sewage system.

The authority suggests that because the Local Government Code allows home rule cities to force connections with sewage collection systems operated by the city, such a power can be delegated by a home rule city to the authority. We disagree. Chapter 30 of the Water Code permits cities to contract with the authority for the operation of sewage disposal systems. Water Code §§ 30.021-035. However, the Local Government Code specifies that only a home rule city may "provide for a sanitary sewer system" and "require property owners to connect to the sewer system." Local Gov't Code § 214.013.

The provision of sewage collection, transportation, and disposal is a governmental function of a municipality. Dilley v. City of Houston, 222 S.W.2d 992 (Tex. 1949); see also Gotcher v. City of Farmersville, 151 S.W.2d 565 (Tex. 1941). Cf. Local Gov't Code § 402.063(e). A municipality may not delegate a governmental function to another political subdivision so as to lose control over the discharge of the function or to inhibit the exercise of necessary discretion by the municipality concerning the function. City of Farmers Branch v. City of Addison, 694 S.W.2d 94 (Tex. App. - Dallas 1985, writ ref'd n.r.e.); Fidelity Land & Trust Co. v. City of West University Place, 496 S.W.2d 116 (Tex. Civ. App. - Houston [14th Dist.] 1973, writ ref'd n.r.e.).

Thus, while a home rule city may by statute contract with the authority for the collection, transportation, and disposal of sewage, and cities which have the power to force property owners to connect to their sewage systems may force them to connect with the sewage system operated by the authority, such cities may not surrender that power completely and unequivocally to the authority as a condition of such a contract. City of Farmers Branch, supra.

In conclusion, the authority has no power to require septic tanks within its boundaries to connect to a sewage system which it operates.

## S U M M A R Y

The Upper Guadalupe River Authority, which possesses cumulatively the powers of a water control and improvement district and a municipal utility district, has no power to force septic tank users to connect to a sewage disposal system operated by the entity. Home rule cities may require septic tank users to connect to a sewage system operated by the city inside of its corporate limits, but the city may not delegate that power to any other governmental entity or political subdivision.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison and
D. R. Bustion, II
Assistant Attorneys General